WILLIAM E. ROBINSON, and COLUMBUS DUNHAM, for the use of Jonathan K. Cooper, Plaintiffs in Error, *v.* JOHN MAGARITY, Defendant in Error.

ERROR TO WOODFORD.

There is no presumption of law or fact, that a firm name includes more than one person; and if it is desired that the names of plaintiffs should be shown, the fact of partnership must be put in issue by a verified plea.

A writ of error must be sued out in the same names in which the proceedings below were conducted, and not in any other.

If a party, instead of moving to dismiss, joins in error, it may be considered a recognition by the defendant in error, that the parties were the parties below.

Conversations preceding a contract reduced to writing, cannot in general be heard to vary or destroy the writing.

A jury should not discredit an unimpeached witness, whose testimony is corroborated, and who is in no respect assailed.

THIS suit was commenced before a justice of the peace, by the plaintiffs in error, who sued by the name of Robinson, Dunham & Co., for the use of Jonathan K. Cooper. A judgment was rendered against them, and they took an appeal to the Circuit Court of Woodford county. In this court there was a trial by jury, and a like result. This writ of error is sued out in the names of William E. Robinson and Columbus Dunham.

On the trial in the Circuit Court, the plaintiffs there introduced in evidence a promissory note, signed by the defendant, payable to the order of Robinson, Dunham & Co., for sixty dollars.

The note was given as the price of a "star mill." The defendant insisted that, at the time of the sale, the machine was warranted to grind in a particular manner, etc., and that, if this warranty failed, the machine and the note were to be restored to the makers of each. Seery, who sold the mill to Magarity, swore that the latter refused to purchase until he had tried the mill, and that there was not any warranty. His testimony was corroborated, in several particulars, by other witnesses, one of whom said Magarity told him he would not take the warranty of any agent, but would rely upon his own judgment. There was testimony to the effect that the mill did not work well, and that Magarity became dissatisfied with it; and that before the bargain was made, Seery had offered to warrant the mill. There were not any witnesses present when the bargain was made.

On the return of the writ of error, the defendant joined in the errors assigned.

H. B. HOPKINS, for Plaintiffs in Error.

The representations and warranties shown by the evidence were not made with reference to the contract in which the note was given, but another and prior contract proposed but never entered into by the parties.

The said machine was purchased by defendant, and said note given, without any warranty or representation, and with express repudiation of all proposals to warrant.

The court erred in permitting evidence of agreement at the making of said note, that defendant need not pay the same. *Allen et al.* v. *Furbrush*, 4 Gray, 504; *Hunt* v. *Adams*, 7 Mass. 518; *Rose* v. *Learned*, 14 Mass. 151; *Spring* v. *Lovett*, 11 Pick. 417; *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 39; *Adams* v. *Wilson*, 12 Met. 138; *Underwood* v. *Simonds*, 12 Met. 275; *Wakefield* v. *Stedman*, 12 Pick. 562; *Curtiss* v. *Wakefield*, 15 Pick. 437; *Chitty* Con. (8th Am. ed.) 99, 100; *Hanchett* v. *Birge*, 12 Met. 545.

When the verdict is manifestly against evidence, or without evidence, or appears at first blush erroneous, or results from misdirection of the court, a new trial will be granted. *Lowry* v. *Orr et al.*, 1 Gilm. 70; *Scott* v. *Blumb*, 2 Gilm. 595; *Dawson* v. *Robins*, 3 Gilm. 72; *Gorden* v. *Crooks*, 11 Ill. 142; *Schaub* v. *Ginwick*, 13 Ill. 697.

A. E. Stevenson, and T. M. Shaw, for Defendant in Error.

The plaintiffs in error are not the proper parties to this writ. It cannot be brought by them. They are not parties to the record, nor their representative.

The judgment will not be reversed; for, if reversed and remanded, no judgment could be entered in the Circuit Court in favor of the plaintiffs there, Robinson, Dunham & Co.

The plaintiffs did not make out a *prima facie* case in the court below, by putting in evidence the note to Robinson, Dunham & Co., it being nowhere alleged in the pleading or process, nor does it appear in proof that Robinson & Dunham composed the firm of Robinson, Dunham & Co.

If the vendor knowingly misrepresented the quality of the goods sold, and, by such fraudulent misrepresentations, induced the vendee to purchase goods which are worthless, it avoids the contract. *Ludlow* v. *Gill*, 1 Chit. 63; *Duncan* v. *McCullough*, 4 S. & R. 483; 5 Greenleaf, 127.

The fraud of an agent avoids the contract. *Willis* v. *Bald-*

28

*win*, 2 Dougl. 450; *Doggett* v. *Emerson*, 3 Story C. C. 700; 8 Howard U. S. 134.

No particular form of words is necessary to constitute a warranty. *Osgood* v. *Lewis*, 2 Har. & Gill. 495; *Morrille* v. *Wallace*, 9 N. Hamp. 111; *Roberts* v. *Morgan*, 2 Cow. 438; *Breeman* v. *Buck*, 3 Verm. 53; 5 Gilm. 36; 30 Maine, 170; *Hanshaw* v. *Robbins*, 9 Metc. 83, 88; *Whitney* v. *Sutton*, 11 Wend. 141.

When there is evidence to support the verdict; when there is a conflict of testimony; or if justice has been done, the court will not disturb the verdict. 20 Ill. 95, 175, 170, 343, 409; 19 Ill. 59, 158, 166, 449; 1 Greenl. on Ev. 461 *et seq.*

BREESE, J. The first three points made by the defendant in error are not substantial. There is no presumption of law or fact, that any firm name includes any number of persons more than one, and plaintiffs suing in a firm name, are not required to show who compose the firm, unless it is put in issue by a proper denial, verified by affidavit. A suit is brought by John Smith & Co., plaintiffs, and the defendant goes to trial upon the merits without calling for proof of the company, he cannot afterwards object, that the parties are not well described. Ch. 40, sec. 7, Scates' Comp. 256. The writ of error, however, which is a new suit, is in the name of William E. Robinson and Columbus Dunham, and there is nothing appearing in the record to show that they were the parties below suing as Robinson, Dunham & Co. The writ does not appear to be in that case. It is said by plaintiffs in error, that they could not sue out a writ of error in the firm name, and were bound to use the proper names. We understand a writ of error is to be sued out in the same names in which the proceedings below were conducted, and in no other.

But it is contended by the plaintiffs in error, the defendant has admitted them to be the parties plaintiff below, by joining in error. This, we are disposed to think, would be a recognition by the defendant, that they were the parties below, else the defendant would have moved to dismiss the writ of error. He has not done so, but went to issue upon

the errors assigned. Where a defendant comes in volun-
tarily, or pleads by the name alleged by the plaintiff, he is
estopped to allege anything against it. And the same is the
rule if he does not deny the names in which a plaintiff sues.
They are both equally in abatement. Jac. Law Dict., title,
" Abatement."

As to the merits of the case, it is a familiar principle, that
conversations preceding and leading to the consummation of
a contract, which is reduced to writing, cannot, in general, be
given in evidence to vary or destroy the effect of the writing.

It appears quite clear, from the testimony of Wood, that
his conversation with Seery, in the barn yard, must have
occurred before the note was given. He says himself, he was
was not present when the trade was made. He went away,
and was gone an hour or two, and when he came back, the
mill was set up and they had been trying it. After he came
back in the morning of the trade, he saw the mill had been
running—there was meal in it. This corroborates the testi-
mony of Seery, who says defendant did not make the note
until he had tried the mill. They tried it in the morning,
ground one box full of corn, and defendant said he was satis-
fied with the mill. They then ground some wheat, and
defendant was satisfied with that, and then gave his note.
The conversation spoken of by Wood, was of a contract
which the parties had been talking about, and which involved
a return of the mill if it did not suit. Now, since defendant
has not returned the mill, the inference is strong, that it was
not the contract which ended in giving the note. The pre-
sumption is, that defendant is a man who pays but little
regard to the representations of agents employed to sell
machines which so often prove to be humbugs, and that he
preferred his own judgment after a full trial, on which to
rely. It was when Wood was away, as he himself states, the
machine was set up, the performance of which so well satis-
fied the defendant that he executed his note for the price,
and he is now in the full possession and enjoyment of the
mill. He would, doubtless, have been better pleased if the
plaintiff would have consented to take half the agreed price

for it.   It is not consistent with justice or fair dealing, that the defendant should have the machine, and the price of it also.

The witness Seery told a very plain and reasonable tale, and was corroborated by Wood, and why the jury should have paid no attention to his testimony, the record does not disclose.   We know of no right a jury has to discredit a witness who is not impeached—whose statements bear the mark of great probability—were made with an air of great candor, and who was corroborated by another witness, and in no way assailed.   We do not recognize any such right.   We think justice has not been done in this case, and in order that there may be a new trial, the judgment is reversed, and the cause remanded.

*Judgment reversed.*