THE KANAWHA DISPATCH

*v.*

SOLOMON T. FISH.

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. APPEALS AND ERRORS—*when question of corporate existence of plaintiff in error cannot be tried on motion to dismiss.* A party to the record in the Appellate Court has a right to a writ of error to review an adverse judgment, and if the defendant in error interposes no special plea but joins in error he is not entitled to have the question of fact as to the corporate existence of the plaintiff in error tried upon a motion to dismiss the writ of error.

2. ESTOPPEL—*when party is not estopped to deny corporate existence.* A shipper, by dealing with a dispatch line having no corporate entity, being a mere name used for convenience by several lines of railroad in handling through freight, such dealing not being in any other capacity or relation than that which actually existed between the dispatch line and the several railroads, is not estopped to deny its corporate existence when a suit against him is brought in its name.

3. PRACTICE—*when a cause should be remanded on reversal.* Where the fact that the plaintiff is not a corporation is not controverted on the trial but the Appellate Court differs from the trial

court as to whether the want of corporate existence was a good defense and reverses the judgment, the reversal is the result of a different application of the law by the Appellate Court from the one made by the trial court, and the cause should be remanded.

4. SAME—*when cause should be remanded to enable real parties in interest to be substituted.* Where the Appellate Court reverses a judgment in an action in the name of a dispatch company having no corporate existence, (the real parties in interest being the railroad companies which use the name for convenience,) upon the ground that its lack of corporate existence was a good defense to the suit, the cause should be remanded in order to enable the real parties in interest to be substituted on new trial.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

CURTIS H. REMY, and EDWARD P. VAIL, for plaintiff in error.

NEWMAN, NORTHRUP, LEVINSON & BECKER, (C. E. CLEVELAND, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Kanawha Dispatch brought a suit in assumpsit in the superior court of Cook county against Solomon T. Fish, defendant in error, Maurice H. Mandelbaum and Alfred P. Lee, as constituting the firm of S. T. Fish & Co., and filed a declaration in the common counts. A bill of particulars was filed, to the effect that defendants made a claim against the Chesapeake and Ohio Railway Company for damages on a lot of butter delivered to plaintiff for shipment from Chicago to Hampton, Virginia, said railway company owning one of the lines over which the butter was transported; that on April 5, 1893, said railway company paid to defendants $1007.41, the full value of said butter, and that about February 28, 1894, the defendants made a claim against

plaintiff for the same loss, and plaintiff, in ignorance that the claim had been paid by said railway company, again paid the defendants the sum of $1007.41 in settlement of the claim. The character of the plaintiff as a corporation or legal entity was not alleged in the declaration, but a plea of *nul tiel* corporation was filed with other pleas. The suit was afterward dismissed as to Mandelbaum and Lee when it was ascertained that Fish was the only member of the supposed firm of S. T. Fish & Co. and carried on business under that name. Upon a trial the facts alleged in the bill of particulars were proved, and no evidence was offered by the defendant except evidence tending to prove that the plaintiff was not a corporation. There was a verdict, followed by a judgment, for the plaintiff for the amount of the claim. The defendant appealed to the Appellate Court for the First District. That court reversed the judgment and remanded the cause, but afterward amended the judgment by striking out the re-manding order and inserting in the judgment the following finding of fact: "The court finds that the appellee, the Kanawha Dispatch, is not and never has been a corporation." The writ of error in this case was sued out to review the judgment of the Appellate Court.

A motion was made by the defendant in error to dismiss the writ on the ground that plaintiff in error is neither a natural person nor a corporation, and therefore is incapable of maintaining the action, and at his request the motion was reserved to the hearing on the assignment of errors. The motion is denied. An issue was formed in the trial court under the plea of *nul tiel* corporation as to the corporate existence of the plaintiff. The issues in that court were found in favor of the plaintiff. The record shows that the trial court was of the opinion that the plea was no defense to the action, and refused all instructions offered by the defendant directing the jury to find a verdict in his favor if they concluded that the plaintiff was not a corporation. On appeal the judgment was reversed and by amendment the

judgment of the Appellate Court was afterwards made final, with the finding of fact, and there was judgment against plaintiff in error for costs. The writ in this case was sued out to bring into review in this court the judgment of the Appellate Court. The writ corresponds with the record of the Appellate Court, and plaintiff in error being a party to the record in that court had a right to the writ. Defendant in error did not interpose any special plea, but joined in error by the common plea *in nullo est erratum* to the assignment of errors. In that condition of the record defendant in error is not entitled to have the question of fact as to the corporate existence of plaintiff in error tried upon a motion, if the want of corporate existence would be good ground for dismissing the writ.

The finding of the Appellate Court that plaintiff is not and never has been a corporation is binding upon this court, and the only question here is whether the judgment of the Appellate Court was the necessary and proper conclusion of law from the fact so found. There was no controversy over that fact in the trial court or Appellate Court and there is none here, but it is contended that the fact was not a defense because the defendant had dealt with the plaintiff as a corporation, and was estopped, as a matter of law, to deny its corporate existence, and because he had dealt with the railroad companies which were the real parties in interest under that name. We are of the opinion that neither of these positions can be maintained. The evidence contained in the record shows that the Kanawha Dispatch is not a legal entity, but a name used for convenience by a number of railroad companies and steamship lines in handling through freight. The general freight agents of the different roads and lines regulate its affairs as a board but are not elected. It has no stockholders and does not own any railroad or cars, and even the office furniture belongs to the roads that form the combination. Cars are marked "Kanawha Dispatch" and agents solicit through business under that name. Bills

of lading are issued in the name of Kanawha Dispatch and the freight is billed at a through rate. It receives nothing for freight charges, but makes up accounts between the different corporations showing amounts due to or from each. It is not a general partnership, and in one shipment two corporations may be interested and in another shipment to a different place other corporations may have the only interest, and the number varies in the different cases. A railroad or steamship line has no interest in or connection with a shipment which does not go over its line. In case of loss or damage the agency, or the companies between themselves, investigate and locate the fault and the corporation at fault pays the loss. There was no evidence that defendant dealt with the plaintiff as a corporation, or in any other capacity or relation than that which it actually had or sustained toward the different corporations forming the combination. There was nothing upon which to found an estoppel or admission of the defendant of the corporate existence of the plaintiff. Undoubtedly the railroad corporations which paid the claim the second time, and who were the real parties in interest, might have maintained an action, but plaintiff, having no legal existence, could not. As to this shipment, there was a joint undertaking of the railroad corporations under the name "Kanawha Dispatch."

The Appellate Court having differed with the trial court on the question of law as to whether the want of corporate existence was a good defense to the action, a judgment reversing the judgment of the trial court for that error necessarily followed, but we are of the opinion that the Appellate Court erred in amending the judgment by striking out the remanding order. This conclusion is based upon two grounds. There was no controversy whatever in the trial court over the question of fact, but the record shows that the controversy related only to the question of law, and that the difference between the trial court and the Appellate Court was upon the question of law. The reversal did not result

wholly or in part from finding the facts differently, but from a different application of the law, and in such a case the cause should be remanded. Another reason is, that an amendment would be proper to enable the real parties in interest to sustain the action for the claim on account of which it was actually brought. The reversal of the judgment by the Appellate Court obliterated the judgment of the superior court, so that the case would stand precisely as though there had never been any judgment, and under our liberal statute of amendments there may be an entire change of plaintiffs where necessary. That was done in the case of *Teutonia Life Ins. Co.* v. *Mueller,* 77 Ill. 22, where the administrator who brought the suit on the policy of insurance had no right of action and was dismissed out of the suit and the widow and heirs of the insured were substituted as plaintiffs. This suit was brought, in fact, by the railroad companies, who were the real parties in interest, in the name of the plaintiff, which was a mere name adopted for doing business. If any judgment should be recovered and collected they would be entitled to and would receive the money and the Kanawha Dispatch would get nothing.

The Appellate Court erred in the amendment of its judgment by striking out the remanding order, and the order making such amendment is reversed and the cause is remanded to the Appellate Court with directions to remand the cause to the superior court, with leave to amend the pleadings by making the real parties in interest plaintiffs, and for further proceedings not inconsistent with the views expressed in the opinion of the Appellate Court and this opinion. *Reversed and remanded.*