### Chicago-Virden Coal Company v. James Bradley, Administrator.

1. AMENDMENTS—*how statute authorizing, construed.* The statute authorizing amendments in any process or pleading is to be liberally construed and an amendment is permissible that tends to the furtherance of justice.

2. INJURIES ACT—*action under, not identical with action under Mines and Miners Act.* The cause of action accruing to an administrator by virtue of the Injuries Act to recover damages for the benefit of the widow and next of kin of his intestate, is separate, distinct and different from the cause of action accruing by virtue of the Mines and Miners Act to the widow, lineal heirs, adopted

children, or other person or persons dependent for support upon the deceased, for the recovery of damages.

3. STATUTE OF LIMITATIONS—*when amendment barred by.* Where a cause of action predicated upon the Mines and Miners Act is amended by the substitution of a cause of action predicated upon the Injuries Act after such latter cause of action, if made the basis of an independent action, would be barred by the Statute of Limitations, such an amendment is barred.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded with directions. Opinion filed January 8, 1907. Opinion modified and judgment here, May 23, 1907.

CONKLING & IRWIN, for appellant.

C. F. MORTIMER, PERRY & MORGAN and McQUIGG & DOWELL, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

On August 22, 1902, appellee, as administrator of the estate of Edward Bradley, deceased, commenced his action on the case to recover damages for the death of his intestate, and filed his declaration consisting of two counts, the first count charging common law negligence and the second count charging wilful violation by appellant of a certain provision of the Mines and Miners Act. A demurrer interposed by appellant to each count of the declaration was sustained by the court, and appellee took leave to amend the first count and to file an additional count. On January 21, 1904, appellee filed his amended first count and an additional count, and to the amended declaration appellant filed its plea of the general issue. February 29, 1904, on motion of appellee, he was dismissed as plaintiff in the action, and Edward Bradley and Ann Bradley, the father and mother of the deceased, were, upon their motion, substituted as parties plaint-

iff, and leave was granted to amend the *praecipe* and summons and to file an amended declaration.

April 4, 1904, the *praecipe* and summons were amended, and an amended declaration was filed consisting of three counts, alleging the wilful violation by appellant of a provision of the Mines and Miners Act.

Thereafter, appellant moved to strike the amended *praecipe,* summons and declaration from the files, which motion was overruled by the court, and appellant, thereupon, interposed a demurrer to the amended declaration, which was sustained, and leave given to amend the declaration. January 9, 1905, on motion of the then plaintiffs, Edward and Ann Bradley, they were dismissed as plaintiffs in the action, and appellee, James Bradley, administrator of the estate of Edward Bradley, deceased, was, upon his motion, substituted as party plaintiff, and leave was given to amend the *praecipe,* summons and declaration, and to file additional counts. Thereafter, the *praecipe,* summons and declaration were amended and additional counts filed, the several counts of the declaration as amended and the additional counts then filed, all charging common law negligence. Upon the trial all the counts of the amended declaration except the first, and all of the additional counts except the third, were withdrawn by appellee. These counts charged substantially the same common law negligence alleged in the first count of the original declaration and in the several counts of the first amended declaration.

January 24, 1905, appellant appeared specially and moved the court to strike from the files the amendments to the *praecipe,* summons and declaration made under leave granted January 9, 1905, and also the additional counts thereafter filed, which motion was overruled by the court. Thereafter, appellant filed its plea of the general issue and the fur-

ther plea of the Statute of Limitations. Appellee filed his *similiter* to the plea of the general issue, and interposed a demurrer to the plea of the Statute of Limitations, which demurrer was sustained. Upon the trial there was a verdict against appellant for $3,500, and judgment on the verdict.

Numerous questions are raised upon the record, a consideration and determination of some of which, involving the propriety of the ruling of the trial court in the admission of certain evidence, would demand a reversal of the judgment and a remandment of the cause for another trial, but in the view we are constrained to take of the case, a consideration of the questions other than those involving the propriety of the action of the court in sustaining a demurrer to appellant's plea of the Statute of Limitations, becomes unimportant.

The statute authorizing amendments in any process or pleading is to be liberally construed, and any amendment is permissible that tends to the furtherance of justice. (Teutonia Life Ins. Co. v. Mueller, 77 Ill. 22; United States Ins. Co. v. Ludwig, 108 Ill. 514.) In Kanawha Dispatch v. Fish, 219 Ill. 236, it was held that under our liberal statute of amendments there may be an entire change of plaintiffs where necessary. And this rule, as we understand it, is not limited in its application by the fact that the proposed amendment introduces a new or different cause of action. Where, however, a new or different cause of action barred by the Statute of Limitations is introduced by the amendment, the Statute of Limitations may be successfully pleaded in bar. In such case, the beginning of the original action does not interrupt the running of the statute as to the cause of action introduced by the amendment (Fish v. Farwell, 160 Ill. 236), but the introduction of a new cause of action by amendment is to be regarded as the commencement of a new suit when the amend-

ment is filed, and the Statute of Limitations may be pleaded in bar. Chicago City Ry. Co. v. McMeen, 206 Ill. 108; Heffron v. Rochester Ins. Co., 220 Ill. 514.

The cause of action accruing to an administrator by virtue of the Injuries Act to recover damages for the benefit of the widow and next of kin of his intestate, is separate, distinct and different from the cause of action accruing by virtue of the Mines and Miners Act to the widow, lineal heirs, adopted children, or other person or persons dependent for support upon the deceased, for the recovery of damages.

When appellee, on February 29, 1904, dismissed his suit against appellant, and Edward Bradley and Ann Bradley, the father and mother of the deceased, were substituted as parties plaintiff, and the process and declaration were so amended as to constitute a different cause of action against appellant, the suit originally commenced by appellee as administrator terminated, and the case then stood as if no legal proceedings had been taken by appellee. The count of the original declaration, which alleged common law negligence, went out of the case as completely as if no declaration containing such count had ever been filed. Such dismissal of his suit by appellee as administrator did not operate as a bar to the commencement of a subsequent suit by him upon the same cause of action, neither was it a bar to a subsequent amendment whereby he might be substituted as party plaintiff in a cause of action accruing to him as administrator, but in order to avoid the bar of the Statute of Limitations such subsequent suit must have been commenced, or such amendment made, before the Statute of Limitations had run.

In the case at bar the deceased was killed July 16, 1902, and by virtue of the amendment to the Injuries Act which went into effect July 1, 1903, the cause of

action for the recovery of damages for his death, accruing to appellee as administrator, was barred July 16, 1903. The substitution of appellee as plaintiff and the amendment of the process and declaration whereby the cause of action accruing by virtue of the Mines and Miners Act was changed to a cause of action accruing under the Injuries Act, was made January 9, 1905. To the declaration as then amended and to the additional counts thereafter filed by appellee, the plea of the Statute of Limitations interposed by appellant presented a complete bar, and the court erred in sustaining appellee's demurrer thereto.

The judgment will be reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer to the plea of the Statute of Limitations.

*Reversed and remanded with directions.*

Appellee having admitted of record that there were no additional facts not already appearing of record which could be pleaded to avoid the legal effect of the demurrer to the plea of the Statute of Limitations, it is ordered that the order heretofore entered by this court reversing the judgment of the Circuit Court be set aside, and that the demurrer interposed by appellee to appellant's plea of the Statute of Limitations be overruled and that final judgment be entered in this court against appellee in bar of his action. Dated May 23, 1907.