## American Home Circle v. Fritz Schneider, Jr.

1. AMENDMENT—*what within power of court to allow.* It is within the discretion of the court to allow an amendment which consists of the dismissal out of the case of part of the plaintiffs originally joined in the action.

2. AMENDMENT—*what waives right to object to.* The right to object to the allowance of an amendment to a declaration is waived by pleading thereto.

3. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless the conclusion of the jury is manifestly against the weight of such evidence.

4. CROSS-EXAMINATION—*when not error to exclude documentary*

American Home Circle v. Schneider.

*evidence.* Documentary evidence subsequently admitted is not erroneously excluded during cross-examination.

5. INSTRUCTIONS—*must not submit questions of law.* Instructions are properly refused which leave to the jury the determination of questions of law.

6. INSTRUCTIONS—*must be predicated upon the pleadings.* Instructions which permit the jury to consider defenses not set up in pleadings are properly refused.

7. SUICIDE—*what instruction, upon burden of proof to establish, proper.* In an action upon an insurance policy where the defense interposed is that of suicide, it is proper to tell the jury that the burden of proof is upon the insurance company to show that the assured came to his death by his own hands, and that in the absence of proof of the cause of death, natural or accidental causes would be presumed.

8. NEWLY DISCOVERED EVIDENCE—*when not ground for new trial.* Newly discovered evidence which is cumulative and not clearly conclusive in its character, is not ground for new trial.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

GEORGE W. KENNEY, for appellant.

EDWARD D. HENRY and ROBERT H. PATTON, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

This is an action first brought by Fritz Schneider, Jr., Dora Schneider and Minnie Fromm, in the Circuit Court of Sangamon county, against the American Home Circle, a fraternal insurance order, to recover amounts alleged to be due them severally from said Home Circle upon a policy of insurance upon the life of Fritz Schneider, father of said Fritz, Jr., Dora and Minnie. Pending the trial the suit was dismissed as to said Dora Schneider and Minnie Fromm and thereafter a trial was had before a jury upon the claim of Fritz Schneider alone. A verdict was returned in his favor in the sum of $1,000, a *remittitur* entered as to $373.80 and judgment rendered for the sum of $626.20,

from which judgment the American Home Circle has appealed.

Appellant first contends that there was error in allowing part of the plaintiffs in the original suit to be dismissed out of the case and in proceeding thereafter in the name of Fritz Schneider, Jr., alone. In this there was no error. The revised statutes allow amendments in pleading or proceeding either in form or substance for the furtherance of justice. In the case of Kanawha Dispatch v. Fish, 219 Ill. 236-241, the court say, citing Teutonia Life Ins. Co. v. Mueller, 77 Ill. 22, that "under our liberal statute of amendments there may be an entire change of plaintiffs when necessary."

Appellant argues, however, that by the change or amendment there was a cause of action stated different from that made in the first declaration and that the statute governing amendments does not contemplate such change. There is no force in the distinction sought to be made by appellant between allowing an entire change of parties and a statement of a different cause of action, except in those cases where the Statute of Limitations might be invoked to defeat a recovery, when an entirely new or different cause of action is stated for the first time in an amended declaration, after the statute has ripened into a defense.

Furthermore appellant filed a plea of the general issue and five other pleas and is not now in position to urge the alleged error relating to such amendment. Upham & Gordon v. Richey, 61 Ill. App. 650.

Appellant next urges that appellee should not have been allowed to recover for the reason that the contract of insurance, which consisted of the application for membership, the constitution, rules and laws of the order, provided that if the health of the insured became impaired by the use of narcotics, or if his death came by his own hand, whether he be sane or insane, there would be no liability upon the part of appellant.

There was no testimony in the case which would have

warranted the jury in finding that the health of deceased had been in any way impaired by the use of narcotics and no claim was made at all that he was insane. The question then became this, did Fritz Schneider commit suicide? Knights Templars Indemnity Co. v. Crayton, 209 Ill. 550-557.

Upon this subject the evidence was close and conflicting and the issue was one of fact alone and one solely for the consideration of the jury. There was evidence tending to show that deceased came to his death from the effects of laudanum administered by himself; but many circumstances, and much of the testimony, tended so strongly to dispute the theory of suicide that we do not feel disposed to hold that the verdict was manifestly against the weight of the evidence.

Appellant next contends that the trial court committed error in not allowing it to put in evidence a certified copy of the verdict of the coroner's jury while appellee was being cross-examined. Even if this was error, which we do not admit, we do not see how appellant could have been prejudiced by such action of the court. Appellant offered such copy at another stage of the trial while appellant was making its defense and it was admitted as evidence and read to the jury, so that appellant had the benefit of the evidence for what it was worth, as well as though admitted at the time when first offered.

Appellant next urges that there was error in the action of the trial court in refusing appellant's third, fourth, fifth and sixth instructions and in giving appellee's fourth instruction. There was no error in this respect. Said four refused instructions offered by appellant made the jury the judges of the law and submitted to such jury issues not presented by the pleadings in the case. Under such instructions the jury were told that if they believed from the evidence that deceased had been guilty of a breach of any provision of the application, certificate, constitution, or

by-laws, of appellant, they should find a verdict for defendant, without regard to whether a breach of such provision had been made a subject-matter of defense by appellant's pleas, and without regard to the materiality of such provision.

Appellee's fourth instruction was properly given. It in effect told the jury that the burden of proof was upon appellant to show that the assured came to his death by his own hands, and that in the absence of proof of the cause of death, natural or accidental causes would be presumed. This instruction stated a correct proposition of law and was properly given. Knights Templars Indemnity Co. v. Crayton, *supra.*

Appellant next urges that the trial court committed error in refusing a new trial for the reason, among others, that appellant had discovered new and material testimony after the trial of the cause and before the motion for new trial was argued, and engages in a lengthy and very learned discussion of the character of cumulative evidence. Upon a careful consideration of the affidavits presented we are constrained to hold that the newly discovered evidence was cumulative in its character and not conclusive.

"Newly discovered evidence, on a motion for new trial, must be clearly conclusive in its character to require the court to grant a new trial." Henry v. The People, 198 Ill. 162-199; Durant v. Rogers, 87 Ill. 508-512.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*