ALBERT D. KELLEY, doing business as A. D. Kelley
Realty Co. v. CHARLES EIDAM*

(No. 1160; December 30, 1924—231 Pac. 678.)

Parties — Pleading — Amendments — Notice — Title of Cause—
Judgment—Vacation of Judgment—Appeal and Error.

1. Although an action brought in a name that has no legal
   entity is a nullity, where legally existing plaintiff is mis-
   named, amendment curing defect is proper, and, where
   defect is amendable, defendant must take advantage of
   it at threshold, or it is waived.

2. Where petition stated plaintiff to be A. D. Kelley Realty
   Company, and A. D. Kelley was an individual possessing
   necessary legal requirements to maintain action, allow-
   ance of an amendment changing name to A. D. Kelley
   doing business as A. D. Kelley Realty Company was
   proper.

3. Amendments to petition may be made either by permis-
   sion of court duly obtained, or under Comp. St. 1920, §
   5704, before answer day, without leave, as of course.

4. The service of copy of amended petition upon defendant's
   attorney on day of filing, and acknowledgment by him,
   *held* sufficient "notice," within Comp. St. 1920, § 5704,
   requiring "notice" of amendment of petition without
   leave to be served on defendant or his attorney.

5. Where plaintiff amended petition without leave, pursuant
   to Comp. St. 1920, § 5704, by changing title of plaintiff,
   and served copy of such amendment on defendant's at-
   torney, appearance by him by motion on two occasions,
   using without objection new title of plaintiff, *held* waiver
   of any objection to method of amendment.

6. General application by defendant, made during term, to
   set aside default judgment, must present facts showing
   surprise, mistake, or excusable neglect, and that if judg-
   ment is allowed to stand an injustice will be done.

7. Affidavit of defendant's attorney, supporting motion to set
   aside default judgment, alleging that former attorney
   was required to absent himself from state, that different
   rules prevailed in district courts of state where affiant
   had theretofore practiced, *held* insufficient where affiant
   did not state that he relied on such rules, that he was
   misled thereby, or that he otherwise would have appeared
   and answered, and record showed that he was present

when motion filed by former attorney to make more definite and certain was stricken, that affiant took exception, and then left, without attempting to answer.

8. One seeking relief against judgment must show diligence on his part.

9. Trial court's refusal to set aside default judgment will not be disturbed on appeal, unless there was an abuse of discretion.

*NOTE—See Headnotes (1) 30 Cyc. pp. 21, 28; 31 Cyc. p. 787; (2) 31 Cyc. p. 468; (3) 31 Cyc. pp. 363, 364, 367; (4) 31 Cyc. p. 390; (5) 31 Cyc. p. 752 (1926 Anno); (6) 34 C. J. p. 328; (7) 34 C. J. pp. 307, 312; (8) 34 C. J. p. 329; (9) 4 C. J. p. 840.

APPEAL from District Court, Laramie County; WILLIAM A. RINER, Judge.

Action by A. D. Kelley doing business as The A. D. Kelley Realty Co. against Charles Eidam. From judgment refusing to set aside default judgment, defendant appeals.

*W. L. Walls,* for appellant.

There were two separate and distinct plaintiffs, one commencing the action and the other taking the judgment; the name of plaintiff was changed by amendment without notice; 5704 C. S.; I Suth. C. P. P. 474; Moorman v. Schmidt, 6 O. S. 328; Billings v. Palmer 2 (Calif.) 432, 83 Pac. 1077. Amendments are governed by statutes, 5704-5709 C. S.; A. D. Kelley Realty Co. is without capacity to sue, 14 Cyc. 438; Mexican Mill Co. v. Co., 4th (Nev.) 40; action brought without authority cannot be amended, 31 Cyc. 475, nor where the party sought to be substituted was the real party in interest at commencement of the action, Hallett v. Larcom, 51 Pac. 108; the judgment is void.

*Marion A. Kline* for respondent.

The notice of appeal was too late, Culbertson v. Ainsworth, 26 Wyo. 214; the assignments of error are not discussed in the briefs and under the rule are waived. Phillips v. Brill, 15 Wyo. 525; Bosler v. Bliler, 9 Wyo. 277, 62 Pac. 277; R. R. Co. v. Lampman, 18 Wyo. 106; a motion to vacate a judgment is addressed to the sound dis-

cretion of the Court, I Black (2nd Ed.) 553; Barton's Appeal, 7 Atl. 168.   There was lack of diligence on the part of counsel, Milwaukee Co. v. Jagodzinski, 84 Wis. 35; Union Co. v. Bd., 47 Wis. 245.   The maker of a note cannot deny the existence of the payee; Grover v. Muralt, 137 N. W. 830.   Plaintiff amended before answer under 5704 C. S. to amend by substitution of a different party is allowable; Pittsburg Co. v. Martin, 82 Ind. 476; Harper v. Hendricks, 31 Pac. 734.   Defendant's motion to vacate was not supported by proper showing; Bradley v. Slater (Nebr.) 78 N. W. 1069.

Brown, District Judge.

For convenience in this opinion the plaintiff below will be called plaintiff, and the defendant below, defendant.

This is an action on a promissory note given by the defendant Charles Eidam to the plaintiff, under the name of A. D. Kelley Realty Company.   The plaintiff filed his petition in the District Court of Laramie County, Wyoming, in the name of A. D. Kelley Realty Company, plaintiff.   The petition was the usual petition on a promissory note.   It contained no allegations as to the legal capacity of the plaintiff.   The defendant filed a motion in the cause before answer day, in which he moved that the court require the plaintiff to make his petition more definite and certain in this, to-wit:   "That plaintiff state whether A. D. Kelley Realty Company is an individual, partnership or a corporation. If an individual, who it is," etc.   Confessing and complying with the motion, before answer day, under Section 5704, Compiled Statutes 1920, plaintiff filed an amended petition, a copy of which was delivered to the attorney for the defendant.   The original contains this acknowledgment: "Service of a copy of the amended petition in the above entitled matter hereby acknowledged this 27th day of October, 1922, (Signed) H. S. Ridgely, attorney for defendant."

This amended petition is entitled, Albert D. Kelley, doing business as A. D. Kelley Realty Company, plaintiff, vs.

Charles Eidam, defendant. It contains the following allegations: "That plaintiff is engaged in the real estate business in the city of Cheyenne, Wyoming, and carries on such business under the name and style of A. D. Kelley Realty Company."

Thereafter on the 21st day of December, 1922, the plaintiff through his attorney filed a motion for judgment on default. On December 26th following, the defendant through his attorney, H. S. Ridgely, filed a motion to require the plaintiff to make his petition more definite and certain by requiring him to set forth when he became the owner and holder of the alleged promissory note for the payment of the sum due thereon this action is predicated.

January 9th, thereafter, plaintiff appearing by Marion A. Kline, his attorney, and the defendant appearing by W. L. Walls, his attorney, the court struck from the files the motion to make more definite and certain, filed by the defendant on December 26th, for the reason that such motion was filed too late, and sustained the motion of the plaintiff, filed December 23rd, asking that defendant be adjudged to be in default for failure to answer, and gave the plaintiff judgment for the amount prayed for in his petition.

On February 8th following, the defendant through his attorney, W. L. Walls, filed a motion to vacate and set aside the judgment theretofore rendered, and asking leave to file an answer within five days from the date of such order. This motion was supported by the affidavit of the attorney, W. L. Walls, and the affidavit of the defendant Charles Eidam, and set up the following reasons for having the judgment vacated.

First: That originally the defendant had employed H. S. Ridgely to represent him in this case, and that Ridgely had represented him for a time, but it became necessary for the said Ridgely to absent himself from the State of Wyoming, and before leaving he turned over this matter to affiant (Walls) for attention.

The affidavit of the attorney recites: ''That the rule in the District Courts of this state in which this affiant has heretofore practiced, requires the litigants to whose pleading a motion or demurrer has been filed, to procure a ruling on such pleading, and if the same is confessed or sustained, upon such pleading being amended to meet the objection, he, who tenders the amended pleading is required to obtain a rule upon his adversary to answer or otherwise plead within a time certain.''

Second: That no notice was ever given the defendant or his attorneys of the filing of the amended petition.

Third: By the affidavit of the defendant, that he had purchased from one Goldstein, through the Kelley Realty Company, certain real property in the city of Cheyenne, making an initial payment of $750.00, the note in suit being given for a part of this payment. That the written agreement between the defendant and Goldstein was placed in the First National Bank of Cheyenne, in escrow. That under said agreement the defendant was to make monthly payments on said property. That defendant, because of unforseen circumstances, was unable to meet the first monthly payment, and that thereupon he went to the Kelley Realty Company and informed said company of his inability to make the payments as provided by the contract. That he was informed by the company that if he couldn't make the necessary payment to prevent losing all he had put in the property, if he would sign his name on the back of the contract for the purchase and sale of said property, and the escrow receipt, and send them to the Realty Company, that said company would sell the property and return to him his note. That he acted on said proposal, but that said Realty Company had failed to do as it promised and failed to return to him the note.

The plaintiff opposed the motion to set aside and vacate said judgment and in support of said opposition filed an affidavit of the plaintiff, Albert D. Kelley, Marion A. Kline, his attorney, and J. H. Wenandy. Among other things set

forth in these affidavits, the plaintiff claims that while he had the conversation with the defendant referred to in his affidavit, he had agreed only to endeavor to sell said real estate in order to prevent the defendant from losing the money he had put into it. That defendant delayed so long in signing and delivering the papers to the said Realty Company, that the company was unable to make the sale. That in the meantime Goldstein had demanded the papers from the bank and they had been delivered to him. That the attorney appearing for defendant was present in the court room when defendant's motion to require the plaintiff to make his petition more definite and certain was stricken, and took an exception thereto, and then left the court room.

The issue on the motion to set aside and vacate said judgment was submitted to the court on the 19th day of February, and the order thereon recites that after considering the motion and the resistance to said motion filed by plaintiff and said affidavits filed supporting said motion and the affidavits supporting said resistance, and having heard arguments of counsel and being fully advised in the matter, the court overruled the motion and refused to vacate and set aside the judgment.

The appellant urges two grounds in his specifications of error for the reversal of the action of the lower court. First, that the court erred in rendering judgment in favor of the plaintiff, and second, that the court erred in denying defendant's motion to vacate and set aside the judgment.

Two propositions are presented in appellant's brief:

First: That in the original petition filed in this action, the plaintiff named was not a real or artificial person and therefore could not maintain this action, and, being a fictitious name, the petition could not be amended by the substitution of another plaintiff, and therefore the judgment rendered on said amended petition was void.

Second: That no notice of the filing of the amended petition was served upon defendant.

The defendant bases his first contention upon the rule that an action must be brought in a name which under the lex fori is a legal entity, or it is a nullity, and should be dismissed. 30 Cyc. 21; The Pembinaw v. Wilson, 11 Ia. 479; Detroit Schuetzen Bund v. Detroit Agitations Verein, 44 Mich. 313, 6 N. W. 675; 38 Am. St. Rep. 270; St. Paul Typothetae v. St. Paul Bookbinders Union, No. 37, 94 Minn. 351, 102 N. W. 725; 3 Ann. Cas. 695; Mexican Mill v. Yellow Jacket Silver Mining Co.; 4 Nev. 40; 97 Am. Dec. 510; Fruit Cleaning Co. v. Fresno Home Packing Company (C. C.) 94 Fed. 815. Parties plaintiff must be either a natural or artificial person—that is, plaintiff must be an individual, or a corporation, or, in some jurisdictions, a partnership or an unincorporated association.

The strictness of this rule has been very materially modified, if not completely destroyed, in the general run of cases. Although an action brought in a name that has no legal entity is a nullity, an action in which a legally existing plaintiff has been misnamed, is still an action of which a court can take cognizance, subject to the defendant's right to object to the misnomer. 30 Cyc. 28, and cases cited. In the following cases from the Georgia court, the court permitted an amendment correcting the defect in the name of the plaintiff on the announced theory that the name of the plaintiff imported a legal entity and an amendment correcting the defect was proper. Adas Yeshurun Society v. Fish, 117 Ga. 345, 43 S. E. 715; Smith v. Columbia Jewelry Co., 114 Ga. 698, 40 S. E. 735; St. Cecilia's Academy v. Hardin, 78 Ga. 39, 3 S. E. 305. And in Western etc. Ry. Co. v. Dalton Marble Works, 122 Ga. 744, 50 S. E. 978, an amendment was denied on the theory that the name of plaintiff did not import a legal entity and was not amendable.

We think from a careful inspection of the cases that they properly fall within the rule above stated. In the first three cases the plaintiff was a legal entity, and the

defect was in the petition failing to so state, while in the last case the plaintiff was not such legal entity.

It has been held that where the plaintiff sues in a fictitious name and in the body of the petition discloses the true plaintiff and the fact that he is suing in a name that has no legal entity, an amendment correcting the name of plaintiff, is proper. Henderson v. Superior Court, 26 Calif. App. 437, 147 Pac. 216; Miller v. Superior Court, 26 Calif. App. 411, 146 Pac. 72.

In Kenawa Dispatch v. Fish, 219 Ill. 236, 76 N. E. 352, where an action was brought in a name that had no legal entity, adopted by several railroad companies for convenience in handling freight, it was held proper to permit an amendment enabling the real parties in interest to sustain the action. In the case of Omaha Furniture & Carpet Company v. Meyer, 115 N. W. 310, where suit was brought in the name of "Omaha Furniture & Carpet Company," which was a trade name under which Henry J. Abrahams did business, the court said: "The amendment permitted by the District Court certainly did not affect the substantial rights of the defendant. Henry J. Abrahams was the Omaha Furniture & Carpet Company and vice versa. The lease under which the plaintiff was claiming the right to take the property was executed in the name of Omaha Furniture & Carpet Company, but the parties all well knew that the Omaha Furniture & Carpet Company was really Henry J. Abrahams. The substitution of Henry J. Abrahams as plaintiff therefore was no more a change of the real parties than if the suit had been commenced in the name of Henry Abrahams and upon discovery of the clerical error after suit was commenced, plaintiff was permitted to change the name to Henry J. Abrahams."

Where there is a legally existing plaintiff and the defect is in not so stating, an amendment curing the defect is proper. Where the defect is amendable, the defendant must take advantage of it at the threshold or it is waived. 30 Cyc. 28, note 62.

The plaintiff Albert D. Kelley was an individual possessing the necessary legal requirements to maintain an action. The defect was in not so stating in the body of the original petition, and under the rule above stated an amendment to the petition, curing the defect, was proper.

An amendment to the petition curing the defect in stating the name of the plaintiff being proper, the next question that naturally arises is, was the amendment properly made? Under our procedure amendments to the petition may be made in either of two ways. By permission of court duly obtained, or under Section 5704, Compiled Statutes 1920, before answer day, without leave, as of course. The latter method was followed in this case. There can be no doubt but that this method is as effectual in amending a petition if the statute is followed as though leave of court were duly obtained upon proper application. Was the statute followed in this case? The defendant says that it was not, for the reason that no such notice as is contemplated by statute was given him of the amendment. The position taken by the defendant is that the service of a copy of the amended petition filed or about to be filed is not such notice as is contemplated by this section.

The statute provides: "The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant, or his attorney  *  *  *." The amended petition filed in this case on the 27th day of October bears the following acknowledgment: "Service of a copy of the amended petition in the above entitled matter hereby acknowledged this 27th day of October, 1922. H. S. Ridgely, attorney for the defendant." The exact question before us is whether or not the service of a copy of the amended petition on the day it was filed in the office of the clerk is notice under the statute. "Notice is the information given of some act done or the interpellation by which some act is required to be done." "Actual knowledge exists when

knowledge is actually brought home to the party to be affected by it.'' Bouvier's Law Dict. 2368. The author of the above quotation goes on to say that the above statement has been criticized as being too narrow, but for our purpose we need not notice the modifications. In this case a copy of the amended petition was served upon the attorney for the defendant, and thereby actual knowledge of the filing or the intended filing of the amended petition was brought home to him. This we think was sufficient. After the filing of the amended petition the defendant appeared in the case by motion on two separate occasions, using without objection the new title given plaintiff. He therefore waived any objection he could have had to the method of amendment. ''Where a defendant comes in and voluntarily pleads by the name alleged by the plaintiff, he is estopped to allege anything against it.'' Robinson v. Magarity, 28 Ill. 423.

After judgment, defendant filed a motion supported by affidavit, asking that the default be set aside, and that he be allowed to answer. This application was not made under Section 5923, Compiled Statutes 1920, but was a general application made during term, seeking to have the default that had been entered, set aside, and the judgment opened and that the defendant be relieved from its consequences, and addressed to the sound discretion of the court.

An application of this character to be successful must present facts showing surprise, misfortune, mistake, or excusable neglect, and that if the judgment is allowed to stand, an injustice will be done. It should not be done for light and trivial causes.

The application in this case is based on the change of attorneys, and the excusable neglect of the last one appearing in the case. The affidavit recites that the attorney first employed was ''required to absent himself from the jurisdiction of the court and the State of Wyoming, and before leaving, turned this matter over to this affiant (the

attorney appearing in this court) for attention. That the rule in the District Courts of this State in which this affiant has heretofore practiced requires the litigants to whose pleading a motion or demurrer has been filed, to procure a ruling on such pleading, and if the same is confessed or sustained, upon such pleading being amended to meet the objection, he, who tenders the amended pleading is required to obtain a rule upon his adversary to answer or otherwise plead within a time certain.''

This is in the nature of excusable neglect on the part of the attorney. 34 C. J. 307 says, ''It is a general rule that the negligence of an attorney is imputable to his client, and that the latter cannot be relieved from a judgment taken against him in consequence of the neglect, carelessness, forgetfulness, or inattention of the former, unless such neglect was excusable under the circumstances.'' And also, 34 C. J. 311, ''It is a general rule that a party cannot be relieved from a judgment taken against him in consequence of the ignorance or mistake of his counsel, with respect to the law, whether it concerns the rights and duties of the client, the legal effect of the facts in the case, or the rules of procedure.'' ''In some jurisdictions the negligence or mistake of an attorney is not imputable to his client, and does not debar him from obtaining relief from a judgment due thereto, but the decisions in most of the States are to the effect that the neglect or mistake of an attorney or agent must be treated as that of his principal, and hence wherever the mistake, negligence, or inadvertance relied upon is of so gross a character that it would not have entitled the party to relief had it been his own, it is equally available to procure him relief when attributable to his attorney.'' 15 R. C. L. 711.

The affidavit of defendant's attorney is clearly insufficient. He does not say that he was relying upon the rule in the District Courts where he had heretofore practiced, or that he was misled thereby, or that he otherwise would have appeared and answered. See Valley State Bank v.

Post Falls Land & Water Co., 29 Idaho 587, 161 Pac. 242, for a discussion of the sufficiency of the affidavit in applications to open a judgment.

The record shows that the attorney was present when the motion, filed by defendant's former counsel, to make more definite and certain, was stricken, and that he took an exception thereto. He then left the court room without answering or making any effort to answer, or to have a time set in which he might answer.

The record contradicts the facts that he must have alleged to have made a proper showing to have the judgment opened. From the record it affirmatively appears that there was no surprise, casualty, misfortune, or misadventure, and without them or one or more of them the defendant is not entitled to relief. A party seeking relief against a judgment must show diligence on his part.

Issue was joined on defendant's application to have the judgment opened, counter affidavits were filed by plaintiff, and the issue thus raised was determined by the trial court. The action of the trial court in the matter will not be disturbed by this court, unless there was an abuse of its discretion. We think there was not only no abuse of discretion, in this case, but from the record before us it is doubtful whether the trial court would have been justified in any other decision. It follows that the judgment of the District Court should be affirmed, and it will be so ordered.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.