# The Teutonia Life Insurance Company

## v.

## Mary Mueller *et al.*

1. Practice—*amendment changing parties to the suit.* In a suit by an administrator upon a policy of insurance, the administrator may be dismissed in the action, and the widow and heirs of the assured substituted as plaintiffs in his stead, under the recent Practice Act, where the latter are the proper parties to sue.

2. Same—*how to take advantage of amendment by interlineation.* If a defendant desires to present the question whether an amendment of a declaration can be made by interlineations, he should move to strike the amended declaration from the files for that cause, and have exceptions to the ruling of the court preserved by a bill of exceptions.

3. Insurance—*recital of payment of premium conclusive.* Where a policy of insurance of a person's life recites the payment of the first quarterly premium, the insurance company will not be permitted to disprove such recital.

4. Same—*when payment of premium immaterial.* Where an insurance company insuring a person's life by contract, looks alone to an association of which the assured was a member for the payment of premiums, it makes no difference whether the premiums falling due before the person's death were paid or not.

5. Same—*failure of assured to pay party insuring, no defense to suit on policy.* Where an association or bund procured a policy of insurance on the life of one of its members, the premium to be paid quarterly in advance, and made all the payments due up to the death of the assured, it was *held,* that the fact that the assured was in arrears in the payment of his weekly dues to the bund, by which it was to be reimbursed, presented no ground of defense to a suit on the policy.

Appeal from the Circuit Court of Tazewell county; the Hon. John Burns, Judge, presiding.

This was an action of assumpsit, originally by Aloes Maier, administrator of the estate of Charles Mueller, deceased, against the Teutonia Life Insurance Company, upon a policy of life insurance. The declaration was amended by substituting Mary Mueller, Mary Maier, Kate Mueller, Mille Mueller, Carrie Mueller and Henry Mueller, as plaintiffs.

The opinion of the court gives a substantial statement of the facts.

Mr. A. B. SAWYER, and Mr. J. B. COHRS, for the appellant.

Messrs. ROBERTS & GREEN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was on a policy of insurance on the life of Charles Mueller, now deceased. It was commenced in the name of Aloes Maier, administrator of his estate. A demurrer having been sustained to the declaration for want of proper parties, the administrator, by leave of court, was dismissed out of the suit, and the widow and heirs of the assured made plaintiffs. The amendment was authorized by the statute. By the first section of chapter 7, R. S. 1874, the court in. which the action is pending has power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the. furtherance of justice, on such terms as shall be just; and by the 24th sec. of the Practice Act, the court, in all civil actions, may allow amendments introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense. The adjudication of the court allowing the amendment shall be conclusive evidence of the identity of the action. R. S. 1874.

Under the liberal provisions of this statute, any amendment in civil actions, either in form or substance, is permissible, that tends to the furtherance of justice. The amendment allowed in this case was simply to substitute the real parties in interest as plaintiffs. Clearly this was within the

discretion of the court, to enable the parties "to sustain the action for the claim for which it was intended to be brought."

An objection is urged that the amendment to the declaration allowed by the court was made by interlineation. No such objection was taken in the court below, and the party will not be permitted to insist upon it for the first time in this court. The motion to strike the declaration from the files, made in the circuit court, was not for the reason it had been amended by interlineations. Had appellant desired to have that question reviewed in this court, a motion should have been made to strike the declaration from the files for that cause, and exceptions to the ruling of the court should have been preserved, according to the usual practice, by bill of exceptions. This was not done, and we can not know from the record the declaration was amended in the manner suggested.

The policy of insurance declared upon was obtained through an organization called the "Bismark Bund," of which association the assured was a member. Among the objects of the society were, to furnish its members, in consideration of the payment of stipulated weekly dues, assurances of support in sickness, and also life insurance. Appellant agreed to furnish the members of the "bund" life insurance, and by the terms of the written contract between the parties, the association was to become primarily liable to the insurance company for the premiums on the policies issued to its members, which were to be repaid in weekly installments.

The policy declared on was issued on the 12th day of August, 1873. All premiums were to be paid quarterly in advance, and it is recited in this policy that the premium for the first quarter had been paid. Under the rule of law, as announced by this court, the company would not be permitted to disprove the recitals of the policy in this particular, to render it invalid. But, independently of this consideration, the company had the obligation of the "bund" for its payment, which it could enforce. It makes no difference, there-

fore, whether it had in fact been paid. Before the premium for another quarter became due, the assured died. Notice of his death was communicated to the company, but payment was refused on the ground the assured was in arrears in his dues to the "bund."

Conceding the assured was in arrears in his weekly dues to the association, we do not see how that fact would constitute any defense to this action. There had been no default in the payment of premiums to the company, and on the death of the assured its liability became fixed. A failure on the part of the assured to make his weekly payment of dues to the "bund" would, no doubt, according to its by-laws, work a forfeiture of his right to compensation or benefit in case of sickness, and would authorize the association, at the expiration of any quarter, to have the life insurance contract rescinded. But this was not a privilege of which the insurance company could avail, so long as the policy was kept alive by the payment of the quarterly premiums by the "bund," or any one else. The contract of insurance was in full force. There had been no failure in the payment of the quarterly premiums that would authorize a rescission of the contract, and the company had made no attempt to annul it.

The finding of the court was in accordance with the law and the evidence, and its judgment must be affirmed.

*Judgment affirmed.*