James  McDowell

*v.*

Warren  Town *et al.*

1. AMENDMENTS—*changing parties to suits.*  Where a suit was brought before a justice of the peace in the name of one for the use of another, on an appeal to the circuit court an amendment may be allowed, under section 24 of the Practice act (Rev. Stat. 1874), by striking out the name of the nominal plaintiff and permitting the suit to proceed in the name of the beneficial plaintiff.

2. This section allows any and all amendments, in form or substance, in any process, pleading or proceeding, which may enable the plaintiff to sustain his action on the claim on which it was intended to be brought, or the defendant to make a legal defense. lf the opposite party is taken by surprise, and is unprepared to meet the case as made by the amendment, he should show that fact and ask for a continuance.

3. COSTS—*on changing parties to suit.*  Where an amendment is allowed changing the parties to a suit by striking out the name of a nominal plaintiff and permitting the cause to proceed in the name of the beneficial plaintiff, costs will not be allowed against the plaintiff whose name is thus stricken out.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. S. S. LAWRENCE, and Mr. H. H. McDOWELL, for the appellant.

Mr. D. L. MURDOCK, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action, brought before a justice of the peace, by Daniel and Asher Townsend, for the use of Warren and Zera Town, and against James McDowell, appellant. A trial before the justice resulted in a judgment against defendant, and he appealed to the circuit court. When the case was reached for trial, and after a jury was impaneled, but before any evidence was heard, plaintiffs moved the court for leave to strike out the names of the Townsends as plaintiffs, and to

permit the suit to progress in the names of Warren and Zera Town, as plaintiffs, which was allowed by the court, and defendant excepted. The trial progressed to a judgment against defendant, after overruling a motion for a new trial. To reverse that judgment defendant appeals to this court and assigns errors.

The only ground urged for a reversal is that the court permitted the names of the Townsends to be stricken out of the summons as plaintiffs, and permitted the suit to proceed in the name of the beneficial plaintiffs. The correctness of this decision depends upon the construction of the 24th section of the Practice act. It provides, that "at any time before final judgment in a civil suit, amendments may be allowed, on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense. The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action."

These provisions are broad and comprehensive, and were, no doubt, adopted to obviate the hardship that was experienced from the earlier decisions of this court, refusing to allow such amendments. The decisions referred to by appellant can not control this case, as by this enactment the General Assembly have changed the law to wipe out all such mere technical objections and to require justice to be administered on a broader basis.

This section allows any and all amendments, in form or substance, in any process, pleading or proceeding, which may enable the plaintiff to sustain his action on the claim upon which it was intended to be brought, or the defendant to make a legal defense. The amendment in this case clearly

falls within the provisions of the section, and the court committed no error in allowing it. The same question was before us in the case of *The Teutonia Life Insurance Co.* v. *Mueller*, 77 Ill. 22, and it was there held that the suit might be dismissed as to the plaintiff who brought the suit, and the parties entitled to sue might be substituted as plaintiffs. In that case an administrator sued when the action lay in the name of the widow and heirs of deceased, and the change was held to be proper under the provisions of this section. That case is decisive of this.

If appellant was unprepared to defend the case as made by the change, he only had to move the court for a continuance, and show the fact, to have it allowed. But no such motion and showing were made, and hence there was no abuse of discretion in allowing the amendment.

It is said, the court should at least have allowed the motion, with costs against the plaintiffs whose names were stricken out. We fail to see the force of the objection. They had made no costs that would not have accrued had the suit been brought in the name of the Towns. They were liable for all costs in the event they failed to recover. Nor do we see that appellant, under the facts of the case, had any right to recover costs.

Perceiving no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*