THE UNITED STATES INSURANCE COMPANY

*v.*

OTTO LUDWIG.

*Filed at Ottawa January 23, 1884.*

1. LIMITATION—*as against new plaintiff, by amendment.* On a life policy of insurance, containing a clause that no action should be brought thereon after eighteen months after the death of the insured, an action was improperly brought in the name of an assignee, within the time limited, instead of in the name of the administrator of the deceased, and judgment of recovery had, which was reversed for want of a proper party plaintiff. Thereupon, by leave of court, an amendment was made substituting the administrator of the party whose life was insured, in place of his assignee, and a new count was filed upon precisely the same cause of action; but this was after the expiration of the period of limitation: *Held,* that the amendment related back to the commencement of the suit, and that the limitation could not be invoked to defeat the action.

2. AMENDMENT—*change of party plaintiff.* Where an action at law is brought in the name of the beneficial plaintiff, so that no recovery can be had, an amendment substituting the proper person as plaintiff is allowable under the statute.

3. ACTION—*commencement of suit.* Substituting the party having the legal right to sue, instead of one improperly named as plaintiff, is in no sense the commencing of a new suit, but so far as the defendant is concerned the suit will be regarded as commenced at the time of the original issuing and service of the summons. The rule is different where a new defendant is brought into the case by amendment and summons against him.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. F. H. KALES, for the appellant:

The recovery in this case was had upon the same policies involved in *United States Ins. Co.* v. *Ludwig*, 103 Ill. 305.

The present suit was not commenced within the time required by the policy contract. *Johnson* v. *Humboldt Ins. Co.* 91 Ill. 92; *Dunphy* v. *Riddle*, 86 id. 22; *Crowl* v. *Nagle*, id. 437.

The time when the administrator was made a party must be deemed the commencement of this suit. (*McGraw* v. *Bayard*, 96 Ill. 146.) Until then there was nobody before the court entitled to recover a judgment on the policies. *Lusk* v. *Thatcher*, 102 Ill. 60; *Davis* v. *Mayor*, 14 N. Y. 506.

The statute declaring that the order granting an amendment to bring in new parties shall be conclusive of the identity of the action, has the effect to make the time of the entry of that order the time of the commencement of the suit as to such new party.

The court below erred in permitting the substitution of the administrator in lieu of the original plaintiff. Rev. Stat. 1874, chap. 110, sec. 23; *Lusk* v. *Thatcher*, 102 Ill. 60.

Messrs. HUTCHINSON & LUFF, for the appellee:

The suit was commenced by the issuing of the summons. *Chicago and Northwestern Ry. Co.* v. *Jenkins*, 103 Ill. 588; *Johnson* v. *Farwell*, 7 Greenlf. 370; *Hail* v. *Spencer*, 1 R. I. 17; *Kinney* v. *Lea*, 10 Texas, 155.

The administrator was properly made plaintiff by amendment, and the order of the court is conclusive evidence of the identity of the action. *Teutonia Life Ins. Co.* v. *Mueller*, 77 Ill. 22; *McDowell* v. *Towne*, 90 id. 359; *Fame Ins. Co.* v. *Thomas*, 10 Bradw. 545; *Blood* v. *Harrington*, 8 Pick. 552; *George* v. *Reed*, 101 Mass. 378; *Winch* v. *Hosmer*, 122 id. 438; *Hutchinson* v. *Tucker*, 124 id. 240; *Davenport* v. *Holland*, 2 Cush. 1.

The legislature of this State, in adopting the statute of Massachusetts relating to amendments, adopted the construction of that statute by the courts of that State, as shown in the cases cited. *Martin* v. *Judd*, 81 Ill. 488; *Hopkins* v. *Medley*, 97 id. 402.

Compare section 24, chapter 110, of the Revised Statutes of 1874, with the Massachusetts statutes of 1860, p. 658, sec. 41, and p. 662, sec. 82.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was originally brought by Clara Ludwig in her own right, and as guardian of two minor assignees of the policies on which the action was commenced, against the United States Life Insurance Company. The judgment rendered in the trial court in favor of the original plaintiff, was afterwards reversed in this court because the suit was improperly brought in the names of the assignees of the policies. (*United States Life Ins. Co.* v. *Ludwig*, 103 Ill. 305.) After the reversal of that judgment Otto Ludwig was appointed administrator of the estate of Otto C. Ludwig, deceased,—the assured named in the several policies, and to whose administrators or executors the losses were made payable. After the remandment of the cause to the trial court, on leave given by the court for that purpose, Otto Ludwig, the administrator, was substituted for the former plaintiff. An additional count was then filed by way of an amendment to the declaration, on precisely the same cause of action as in the original declaration, making the usual profert of letters of administration. To the declaration as amended defendant filed the general issue, and also some special pleas, to which a demurrer was sustained. On the trial in the Superior Court plaintiff recovered a judgment for the full amount of the policies on which the action was brought. That judgment was affirmed in the Appellate Court for the First Dis-

trict, and defendant brings the case to this court on its further appeal.

No defence is insisted on as to the merits of the action. It is claimed the action is barred as against the present plaintiff by the limitation clause contained in the policies declared on, which are to the effect no suit against the company under the insurance contract shall be brought, or action commenced, "after eighteen months after" the death of the assured. It appears from the evidence the assured died July 31, 1880; that the proofs of loss were furnished the company on the 26th of August, 1880, and that the order of the court allowing the amendment, by which the administrator of the assured was substituted as plaintiff instead of the assignees of the policies, was not made until the 20th day of September, 1882. A period of more than two years from the date of the death of the assured had then elapsed, and that, it is said, in the language of the policies, will be "conclusive evidence" against the claims.

The original suit brought by the assignees of the policies was commenced January 5, 1881. That was within the time prescribed in the limitation clause of the policies in which the action might be brought. It will be seen the error in the argument submitted on behalf of defendant lies in the assumption the amendment making the administrator plaintiff, instead of the assignees of the policies, was in effect commencing a new action, so far as the present plaintiff is concerned, and as that was not done within ·eighteen months next after the death of the assured, it is said the action is barred. That the amendment substituting the administrator of the assured as plaintiff was authorized by section 1, chapter 7, of the Revised Statutes of 1874, which permits amendments in any process or proceeding in any civil action, either in form or in substance, for the furtherance of justice, is settled by the decision of this court in *Teutonia Life Ins. Co.* v. *Mueller*, 77 Ill. 22, and in other more recent cases.

The reasoning in that case is conclusive of the one at bar, and the propriety of the amendment need not be further discussed. As was there said, under the liberal provisions of this statute any amendment in civil actions, either in form or in substance, is permissible, that tends to the furtherance of justice. The amendment allowed in the case being considered, as well as the amendment in the case cited, was simply to substitute the real party having the right to sue, as plaintiff. Clearly that was within the discretion of the court, to enable the parties "to sustain the action for the claim for which it was intended to be brought." Substituting the party having the legal right to sue for the claim for which the action was brought, instead of another party improperly named as plaintiff, is in no sense commencing a new action against defendant. So far as the defendant is concerned, this suit or action was commenced against it at the time of the issuing and the service of the summons, which was within eighteen months after the death of the assured. (*Chicago and Northwestern Ry. Co.* v. *Jenkins*, 103 Ill. 588.) The assignees in whose names the action was originally commenced, are the parties beneficially interested in this judgment, and the amendment substituting the administrator, in whom was the legal right to sue, as plaintiff, was simply to enable them "to sustain the action for the claim for which it was intended to be brought," and nothing more.

The additional count, filed after the administrator was substituted as plaintiff, was upon no new cause of action. It was precisely the same cause of action defendant was required to answer by the original summons. Defendant was in court, and it was a matter that could make no possible difference, so far as it was concerned, whether the judgment was rendered in favor of the parties beneficially interested in the cause of action, or in favor of the party having the legal right to sue, as was done, since the amendment was permitted. It was the same suit and the same claim for

which the action was intended to be brought, and the action must be regarded as having been commenced when the original summons was issued, which was in time to save the bar of the limitation clause of the policies as to the time of the commencing the suit or action.

The case of *Lusk* v. *Thatcher*, 102 Ill. 60, has no application to the case being considered. Should a new party be made defendant, under the Practice act he would necessarily have to be brought in by summons, and that would be the commencement of a new suit, so far as he is concerned. But here the party defendant was in court when the amendment to the declaration was made, by virtue of the original summons. No new service was necessary to bring defendant into court, nor was it required by the amendment to answer to any new cause of action.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*