Zukowski v. Armour.

---

### Frank Zukowski v. Jonathan O. Armour et al., Executors.

1. PRACTICE—*Parties Could Not be Changed at Common Law.*—At common law the court was powerless to add or strike out parties to a suit.

2. SAME—*Right of Amendment Under the Statute.*—Under Sec. 1, Ch. 7, and Sec.. 23, Ch. 110, R. S., amendments are permitted to a "pending" action and any necessary party may be "joined" as plaintiff or defendant, and the cause may be discontinued as to any "joint plaintiff or joint defendant." The purpose of this statute is to cure the defects of misjoinder or of non-joinder of proper parties without turning the case out of court, and not to substitute new parties for all of the plaintiffs or for all of the defendants, and where the sole defendant is dismissed out, no case remains in court.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 7, 1903.

MORSE IVES and ERNEST KRIEG, attorneys for appellant.

A. R. URION and A. F. REICHMANN, attorneys for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant, on April 19, 1899, brought an action in the Circuit Court for personal injuries against Philip D. Armour, Jonathan O. Armour and Philip D. Armour, Jr., doing business as Armour & Co. A declaration was filed May 4, 1899, to which a plea of the general issue was interposed May 16, 1899. January 22, 1901, appellant obtained an order of court "changing the name of the defendant to Armour & Company, a corporation." An additional count was then filed against the corporation as sole defendant, to which declaration as amended Armour & Company filed the general issue.

September 26, 1901, the case was called for trial and a jury was selected, but upon motion of appellant it was discharged and the cause was continued.

December 12, 1901, the corporation filed an additional plea that it was not incorporated until April 7, 1900, and therefore was not in being at the date of the alleged accident.

December 14, 1901, appellant obtained an order of court granting him leave to amend the declaration by substituting Jonathan O. Armour, Philip D. Armour, Jr., and Philip D. Armour, Sr., doing business as Armour & Co., in place of Armour & Company, a corporation; and on the same day he amended his declaration by substituting said individuals as defendants and dismissing as to the defendant Armour & Co., a corporation, and prayed for summons, etc.

March 5, 1902, Jonathan O. Armour, having been served with summons, appeared specially and moved the court, among other things, to enter an order declaring this cause to have been dismissed and terminated under and by virtue

of the order entered and the amendment filed to the declaration on the 14th day of December, 1901.

March 15, 1902, the court entered an order as prayed for in said motion, by which it was determined and ordered that the amendment of December 14, 1901, be and the same is stricken from the files; and that the summons issued thereunder be and the same is quashed; and that this cause was dismissed and terminated under and by virtue of the order entered herein on the 14th day of December, 1901; and it was therefore ordered that the same be and is hereby formally dismissed *nunc pro tunc* as of the 14th of December, 1901.

From this action of the trial court the present appeal was perfected.

It will be noted that when the corporation was substituted as sole defendant, there was a dismissal as to all of the then defendants, and that when the individuals named were afterward made defendants, the corporation, then the only defendant, was dismissed out of the case.

The sole question here presented is whether or not the necessary effect of the order of December 14, 1901, was to dismiss the suit.

It is clear that at common law new plaintiffs can not be added, nor can existing plaintiffs be stricken out. The rule is the same as to defendants. A mistake in the name of a party by or against whom a suit is prosecuted may be cured by amendment; the name may be changed, but the court is powerless to change the parties. The introduction of a new party, plaintiff or defendant, is not permitted. 1 Ency. Pl. & Pr., pp. 535, 541, *et seq.*

To relieve litigants from the hardship of this rigid common law rule, statutes have been passed in nearly all the states. Our legislature has enacted the following :

Section 1, chapter 7, R. S.:

" That the court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice on such terms as shall be just at any time before judgment rendered therein."

Section 23, chapter 110, R. S.:

"At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense."

It will be observed that the amendments permitted by section 1 of chapter 7 relate to an action "pending;" and that by section 23 of chapter 110 any necessary party may be "joined" as plaintiff or defendant, and that the cause may be discontinued as to any "joint plaintiff or joint defendant." The plain reading of the latter section is that in order to add a necessary party to either side of the case there must be a plaintiff or a defendant already there to whom the new party may be joined; and that when a discontinuance is asked as to plaintiff or as to defendant, there must then be another plaintiff or another defendant from whom the party discontinued may be severed. Unless these essentials exist, the common law rule applies that to add a plaintiff or a defendant or to take away a plaintiff or a defendant, abates the action. The purpose of this statute is to cure the defect of misjoinder or of non-joinder of proper parties without turning the case out of court, and not to substitute new parties for all of the plaintiffs or for all of the defendants. This statute is in derogation of the common law, and if the sole defendant be dismissed out, no case remains in court.

In Black v. Womer, 100 Ill. 328, appellee brought an action of debt against Black and three others. A demurrer to the declaration being sustained, appellee filed an amended declaration against Black only. "That was equivalent to a dismissal of the suit as to all the other defendants, which, under the provisions of our practice act, is allowable."

In MacLachlan v. Pease, 66 Ill. App. 634, an action in replevin was commenced against Pease and Chytraus. After

several pleas, appellant filed a new declaration against the appellee only, to which he alone filed new pleas. "The suit was thereby discontinued as to Chytraus, and Pease became the sole and only defendant."

Under a statute which is broader in its terms than is ours, the courts of New York hold that while full authority is conferred by the act to add or to strike out the name of a party, or to correct a mistake in such name, it does not sanction the substitution of another or entirely different defendants. Bassett v. Fish, 75 N. Y. 303, 315; Shaw v. Coch, 78 N. Y. 194; New York, etc., v. Remington A. Works, 89 N. Y. 22. Construing statutes as liberal as is ours, the same conclusion is reached in Leaird v. Moore, 27 Ala. 326; Davis Ave. Ry. Co. v. Mallon, 57 Ala. 168; Western Ry. Co. v. McCall, 89 Ala. 375; Nashville, etc., Ry. Co. v. Edwards, 91 Ga. 24; Little v. The Va. & Gold Hill W. Co., 9 Nev. 318; Sawyer v. N. Y., etc., 58 Vt. 588.

An examination of the decisions cited by appellee from our own reports shows that in no case is a new plaintiff or a new defendant substituted for a sole plaintiff or for a sole defendant, except where there was a privity or succession in interest.

It is unnecessary for us to decide whether or not the plaintiff could have commenced a new suit when the order of December 14th was entered. This he did not attempt to do. The thing he did was to summon the new defendants in the original action, and in response to that summons they specially appeared in the original case and made the motion which resulted in such order.

In conclusion we are of the opinion that under the order of December 14, 1901, this suit was terminated and dismissed. If this be so, the trial court did not err in the entry of the order of March 15, 1902, formally dismissing such case *nunc pro tunc* as of December 14, 1901.

The judgment of the Circuit Court is affirmed.