## The Michels Company, Appellee, v. Thomas H. Young et al., Appellants.

### Gen. No. 5,170.

1. APPEALS AND ERRORS—*when assignments deemed waived.* An assignment of error not argued is deemed waived.

2. EXECUTORS AND ADMINISTRATORS—*when personally liable.* If executors without special authorization continue a partnership business in which their testator was a partner, they become personally liable for any loss incurred.

3. AMENDMENTS AND JEOFAILS—*effect of granting leave to amend.* Until the amendment is in fact made the declaration will remain the same as if no leave to amend had been given.

4. CONTRACTS—*against whom recovery must be had in actions upon.* In all actions on contracts in a court of record if a recovery be had it must be against all the defendants whose joint liability is charged in the declaration unless a defense is interposed by some defendant personal to himself, such as coverture, infancy, bankruptcy, etc., or the cause of action is governed by some statute, such as the statute concerning negotiable instruments.

Assumpsit. Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

S. J. DREW, for appellants.

COWING & KING, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of assumpsit brought by The Michels Company, a corporation, to recover the sum of $615.84, alleged to be due the plaintiff for goods and wares alleged to have been sold to Thomas H. Young, George M. Young and Martha Young, doing business as T. A. Young, and to the Young Company, a corporation. The suit was begun by filing an affidavit for an attachment against Thomas H. Young, George M. Young and Martha Young, co-partners doing business as T. A. Young, and the Young Com-

pany, a corporation. The defendants filed the general issue and a plea denying the cause alleged for the attachment.

On the trial at the close of the evidence, plaintiff took a non-suit as to the Young Company and the court instructed the jury to find the issues on the attachment in favor of defendants. The jury returned a verdict as to the claim sued on in favor of plaintiff for $523.46. Motions for a new trial and in arrest of judgment were overruled and judgment was rendered upon the verdict in favor of the plaintiff and against the defendants, T. H. Young, George M. Young and Martha Young, doing business as T. A. Young. The defendants against whom judgment was rendered prosecute this appeal.

Appellee has assigned cross errors on the instruction of the court directing a finding for appellants on the attachment but appellee makes no reference to this assignment in its brief or argument and has therefore waived the error if any there was in that regard.

The evidence shows that T. A. Young carried on a general grocery and meat business in two different locations in Joliet until January 4, 1905, when he died leaving a last will. Martha Young is his widow, and John J. Young, George M. Young, Thomas H. Young and Margaret Young are his children surviving him. John J. and Thomas H. Young were named as executors of the will which was proved in the Probate Court and they qualified as such executors. The Michels Company was doing a wholesale grocery business in the city of Joliet at the time of the death of T. A. Young. He was indebted to appellee in the sum of $429.30 for merchandise sold to him during his lifetime. The executors after the death of T. A. Young conducted the business until October 6, 1905, as though T. A. Young were still living and running the business. On October 6, 1905, there was a balance due on the purchases made by the executors of $117.75 making a total due to appellee from T. A. Young and the account run by the executors of $556.95. Ap-

pellee never presented any claim in the Probate Court against the estate of T. A. Young.

The second clause of the will of T. A. Young bequeathed to John J. Young, Thomas H. Young and George M. Young the store business at Nos. 913-915-917 Collins street; also the store business located at Ross and Center streets in Joliet, including all the accounts, goods, fixtures, wagons and horses now used in said business. On October 6th the executors presented to the Probate Court a petition asking leave to turn over to certain legatees mentioned in the will of T. A. Young, a miscellaneous lot of goods and chattels owned by T. A. Young in his lifetime. On the hearing upon this petition the court found that John J. Young had sold and assigned all his interest in the above mentioned property to Martha Young, and ordered that the executors deliver to T. H. Young, George M. Young and Martha Young as assignee of John J. Young, all the said goods, chattels and fixtures, and that the executors retain the accounts until the further order of the court. There is nothing in the record showing when John J. Young assigned his interest to Martha Young, but on October 5th, the day before the making of the order by the probate court, Martha Young assigned her interest in these goods, etc., to Eleanor Young, the wife of John J. Young, for $100 cash and certain notes.

The evidence shows that upon the assignment of the interest of John J. Young to Martha Young and the assignment of Martha Young's interest to Eleanor Young, that T. H. Young, George M. Young and Eleanor Young formed a partnership and carried on the business at the same place from October 6, 1905, up to April 15, 1906, and purchased goods from appellee on credit until December, 1905, but after that time purchased from appellee only for cash. On April 15, 1906, the Young Company, a corporation, was formed in which the stock was held by T. H., George M., Eleanor and Mary Young. The Young Company after its organization conducted the busi-

ness and bought of appellee for cash only. Appellee during all this time charged to T. A. Young all the goods sold to the executors, to the partnership and to the company and did not charge any goods either to the Young estate, to the partnership or the appellants, and rendered statements to the parties doing business at the place of T. A. Young from time to time showing the entire indebtedness and the payments applied thereon. These statements were received without any objection on the part of the executors, the partners or the Young Company. Subsequently the Young Company made an assignment for the benefit of its creditors. The amount remaining unpaid on the balance of all the accounts, viz. T. A. Young, the executors, the partners and the Young Company, was $614.84. The assignment for the benefit of the creditors paid a dividend of 15% to the creditors which was applied upon the general balance due the appellee. There was also a small amount of cash and goods recovered by appellee from the Young Company and credited on this general account.

After the Young corporation was formed appellee knew of that fact and the record seems to show that the accounts were continued as before although both parties claim the sales were all for cash after December, 1905, but the record is not clear whether the accounts of the cash sales and payments were continued with the credit sales. The evidence appears to indicate that the cash sales were carried with the others and the cash paid applied on the general balance. We express no opinion upon whether such method of bookkeeping and rendering accounts would cancel the old indebtedness existing from T. A. Young and the account run by the executors and leave the remaining indebtedness against the partners or not, as this case must be reversed upon other questions, and upon another trial there may be further evidence as to whether there was an assumption of the old indebtedness by the partners, so that that question is an open one.

The proof clearly shows that Martha Young never was a member of the partnership and that she took no part in running this business. The only interest she had was as the widow of T. A. Young and that the title of John J. Young's part of the estate passed through her to Eleanor Young. The appellee, whose place of business was in Joliet, does not appear to have made any inquiry at the Young place of business, to ascertain who were conducting the business, but appears to have relied upon commercial statements of R. G. Dun and Company. Appellee introduced one of these statements in evidence, and it does not show who was conducting the business. At some time, but when does not appear, appellee learned of the order of the Probate Court authorizing the executors to turn over the tangible property to T. H., George M. and Martha Young, and also learned that the accounts were not turned over, but made no inquiries to ascertain thereafter who was conducting the business. Appellee claims it had the right to assume that when the order was made authorizing the goods to be turned over to T. H. Young, George M. Young and Martha Young that thereafter these parties were conducting the business and that they had a right to hold Martha for the goods thereafter bought. The proof clearly shows that Martha never had anything to do with the running of the business and had no connection with it whatever. There is no rule of law which will permit the assumption of appellee to prevail against the clear proof that she had no interest and did not profess to have any or permit herself to be held out as a partner.

Martha Young had turned over to Eleanor Young her interest in the estate before the Probate Court made the order of October 6th. The executors when they continued the business of T. A. Young made themselves personally liable for any losses incurred. Colton v. Field, Leiter & Co., 131 Ill. 398. Martha Young was not in business with them and when she made the assignment to Eleanor Young she was not assign-

ing an interest in the partnership but only in that portion of the estate. The court by the making of the order of October 6th, could not compel Martha Young to become liable for the business debts of the executors, and it does not profess to do so. The evidence showing that there is no liability on the part of Martha Young, this judgment must be reversed.

When the appellee took a non-suit against the Young Company it also took leave to amend the declaration in that regard, but no amendment was made. The rule is that a party, after obtaining leave to amend a declaration, is in no wise obliged to exercise the privilege given and make the amendment. Until the amendment is in fact made, the declaration will remain the same as if no leave to amend had been given. Wisconsin Cen. R. R. Co. v. Wieczorek, 151 Ill. 579; Ogden v. Town of Lake View, 121 Ill. 422. It is also a rule of practice in suits begun in a court of record, that in all actions on contract if a recovery be had it must be against all the defendants whose joint liability is charged in the declaration, unless a defense is interposed by some defendant personal to himself such as coverture, infancy, bankruptcy, etc., or the cause of action is governed by some statute such as the statute concerning negotiable instruments. Felsenthal v. Durand, 86 Ill. 230; Byers v. 1st Nat. Bank of Vincennes, 85 Ill. 423; Fish v. Farwell, 160 Ill. 236; Stein v. Stein, 44 Ill. App. 107; Beidler v. Richardson, 107 Ill. App. 536.

This suit having been begun in a court of record and the declaration being against the Young Company, Martha Young and others and there being a non-suit as to the Young Company and the proof showing there was no cause of action against Martha Young, the judgment should be in favor of all the defendants unless the declaration is amended to comply with the rules of practice in courts of record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*