DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1912.

---

Max Robinson et al., Plaintiffs.
Rudolph Henry, Defendant in Error, v. J. Seaton,
Plaintiff in Error.

## Gen. No. 16,787.

MUNICIPAL COURT—*section 46 of act pertaining to amendments con-
strued.* *Held,* that under this section of the Municipal Court Act it was
not the intention of the Legislature that suits may be brought in the
name of one person as plaintiff and prosecuted in the name of some
one else where such second person is not shown to have succeeded to
the rights of the original plaintiff.

Error to the Municipal Court of Chicago; the HON. MICHAEL F.
GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1910. Reversed. Opinion filed April 19, 1912.

JOHN A. STAGG, for plaintiff in error.

·No appearance for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.
Suit was brought in the Municipal Court of Chicago
by one Max Robinson against J. Seaton, the plaintiff in
error, for the possession of a building in the City of
·Chicago. At the trial it was discovered that the lease

was not made by Max Robinson but by one Rudolph Henry. Thereupon the court suggested that there was a variance as to the parties, but that the plaintiff might correct it by amending his complaint. A motion to that effect was made by the attorney for the plaintiff and an objection interposed by the attorney for the defendant. The objection was overruled. The court then instructed the clerk to let the record show that ''on motion of plaintiff, leave is given to make Rudolph Henry co-plaintiff, and on motion, plaintiff amends by discontinuing as to Max Robinson.''

The action of the court was evidently intended to be based upon section 46 of the statute creating and governing the Municipal Court of Chicago, being paragraph 309 of chapter 37 of the Revised Statutes. As amended in 1907, this section reads: ''That amendments to statements of claims, set-offs and counterclaims, *praecipes*, summons and other papers filed by either party may, in the discretion of the court, be allowed at any time.'' In the Practice Act governing courts of record generally, it is provided that amendments may be permitted, and that any necessary party may be joined as plaintiff or defendant, and that the cause may be discontinued as to any joint plaintiff or joint defendant. It has been held in this court that the purpose of this statute is to cure the defects of misjoinder or of nonjoinder of proper parties without turning the case out of court, but that the purpose was not to substitute new parties for all the plaintiffs or for all the defendants. Zukowski v. Armour, 107 Ill. App. 663.

In the case of The Michaels Co. v. Young et al., 150 Ill. App. 442, it is said that a plaintiff after obtaining leave to amend a declaration is in no way obligated to exercise the privilege given and make the amendment, and that if the amendment is not actually made the declaration stands as originally filed notwithstanding the order granting leave to amend.

In the case before us the complaint and other files seem never to have been amended, unless what appears from the bill of exceptions, as above set forth, can be treated as such amendment. In the complaint, summons, *alias* summons and *pluries* summons the name of Max Robinson still appears as sole plaintiff. Even in the judgment Max Robinson appears as plaintiff, and the defendant is found guilty of unlawfully withholding from such plaintiff the premises in question. The judgment therefore is not based upon the facts as disclosed by the proof, nor is it supported by the record.

While we are disposed to construe liberally the statute permitting amendments, we do not think it was the intention of the Legislature that suits may be brought in the name of one person as plaintiff and prosecuted in the name of someone else, where such second person is not shown to have succeeded to the rights of the original plaintiff. In the case now under consideration no such succession is claimed. The suit was instituted by one having no right to maintain it, and a judgment apparently in his favor was entered.

For the reasons stated the judgment will be reversed.

*Reversed.*