# Chesapeake and Ohio Railway Company et al., Plaintiffs in Error, v. Solomon T. Fish, Defendant in Error.

## Gen. No. 16,562.

1. STATUTE OF LIMITATIONS—*what not new cause of action.* A mere change of parties plaintiff does not, of itself, change the cause of action.

2. STATUTE OF LIMITATIONS—*when involuntary non-suit suffered.* Held, in this case, that the plaintiff had suffered an involuntary non-suit in a previous action which had been brought by it upon the same cause of action and that the action of the supreme court upon a review of the original action was such as to foreclose the question as to the identity of the causes of action.

3. PLEADING—*when plea in abatement defective.* A plea in abatement setting up a non-joinder is bad if it fails to give plaintiff a better writ.

4. ASSUMPSIT—*when plea insufficient to bar action.* If a special plea does not confess or avoid and does not deny the allegations of liability, it is insufficient to bar an action.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed May 21, 1912.

VICTOR A. REMY and LESLIE A. NEEDHAM, for plain-
tiffs in error; CURTIS H. REMY, of counsel.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for defend-
ant in error; MARCUS R. HART and CHESTER E. CLEVE-
LAND, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opin-
ion of the court.

This writ of error brings before us a judgment of
the Municipal Court of Chicago, entered upon the
written pleadings in the cause, and challenges the cor-
rectness of the judgment of the court below in over-
ruling plaintiffs' demurrer to the defendant's second
rejoinder, and in overruling plaintiffs' demurrer to
the defendant's seventh and eighth pleas, and entering
judgment against plaintiffs for costs.

For a proper understanding of the points involved,
it should be further stated that plaintiffs in the court
below commenced an action against the defendant in
error August 14, 1908. The declaration alleged that
the defendant became indebted to the plaintiffs, doing
business as The Kanawha Despatch, in the sum of
$3,000 for money had and received for plaintiffs' use,
and for money expended for defendant's use, and for
forbearance to sue, etc. To this declaration, defendant
filed eight pleas: (1) the general issue; (2 and 3) the
statute of limitations; (4, 5 and 6) *nul tiel* corpora-
tion; (7) that it was *ultra vires* for plaintiffs to do
business as "The Kanawha Despatch," and, there-
fore, they cannot maintain the action; and (8) non-
joinder of parties plaintiff.

Issues were joined on all except the second, third,
seventh and eighth of these pleas. To the seventh
and eighth, plaintiff filed special demurrers, which
the Municipal Court overruled; to the second and third
(statute of limitations), plaintiffs replied that in
March, 1899, and within five years after the accruing

of their action, plaintiffs commenced a suit in the Superior Court of Cook County to recover the sum claimed; that involuntary non-suit had been entered against the plaintiffs in the case, whereupon they commenced this action within a year.

To this replication, defendant filed three rejoinders, and issue was joined upon the first and third, and a demurrer filed to the second. The second rejoinder averred that the plaintiffs in the action in the Superior Court "being merely Kanawha Despatch," recovered a judgment which was reversed by the Appellate Court; that later the Supreme Court reversed the judgment of the Appellate Court in part, and remanded the cause with directions that leave be given to amend by making the real parties in interest plaintiffs; "that on April 18, 1906, an amendment was made in the Superior Court by which the same parties, who are plaintiffs in this cause in this court were made plaintiffs in that." The rejoinder then admits that plaintiffs suffered the involuntary non-suit mentioned in their replication.

Plaintiffs' demurrer to this rejoinder, raised the question whether this action is barred by the statute of limitations, under the following facts disclosed by the pleadings: That in 1899, and within five years of the accruing of the action, suit was brought in the name of the Kanawha Despatch, against the defendant to recover on the same cause of action as is counted on in this case; that a judgment was recovered, which was reversed without remanding by the Appellate Court in Fish v. Kanawha Despatch, 118 Ill. App. 284; that later the Supreme Court reversed the judgment of the Appellate Court and remanded with leave to amend the pleadings, by making the real parties in interest plaintiffs; that pursuant to this order, in April, 1906, present plaintiffs were made parties to this suit in the Superior Court. As this action was commenced within a year from what was admitted to be an in-

voluntary non-suit the question raised is whether or not the amendment made in the Superior Court, by making the real parties in interest, plaintiffs, introduced a new cause of action. The lower court held that it did, and overruled plaintiff's demurrer to the second rejoinder. Plaintiffs elected to stand by their demurrers, and the Municipal Court, accordingly, dismissed the action and entered judgment in favor of defendant.

Plaintiffs in error contend that the court below erred in overruling their demurrer to the second rejoinder to the replication, because:

(A)   The amendment made in the Superior Court case, since it consisted solely of the substitution of parties plaintiff, did not amount to the institution of a new cause of action, but was merely a continuation of the cause commenced in 1899, and, therefore, the amendment related back to that date:

(B)   The precise question of whether the Statute of Limitations would be available as a plea to the amended declaration, and, consequently, whether it constituted a defense to this present action, was decided in Kanawha Despatch v. Fish, 219 Ill. 236, adversely to defendant's contentions and contrary to the Municipal Court's ruling.

Plaintiffs contend that the court below erred in overruling its demurrer to the *seventh* plea, because the plea

(A)   Fails to confess the causes of action alleged in the declaration;

(B) Alleges no facts justifying the conclusion that it was *ultra vires* plaintiffs to do business as Kanawha Despatch;

(C) Affords, in no event, a defense, because the contract here sued on is not the alleged *ultra vires* agreement, but one implied by the law itself.

Plaintiffs in error also contend that the court below

erred in overruling their demurrer to the *eighth* plea, because:

(A)  A plea of non-joinder of plaintiffs in bar amounts to the general issue;

(B)  The plea fails to confess plaintiffs' cause of action;

(C)  The plea does not show that anyone other than plaintiffs has any interest in this proceeding.

We regard the statement of counsel for defendant in error, in their brief and argument, as conceding that the Municipal Court erred in overruling plaintiffs' demurrer to their seventh plea, and we shall, therefore, consider only the other two propositions involved, viz:

(A) Whether the action is barred by the statute of limitations, as alleged in the second and third pleas:

(B) Whether the Municipal Court erred in overruling the demurrer to the eighth plea.

As to the first of these, (A) we think it clear that the amendment in question, made in the Superior Court by the direction of the Supreme Court, in which the plaintiffs in error were substituted as parties plaintiff, did not constitute the beginning of a new cause of action, but was merely a continuation of the same cause of action theretofore, and in 1899, commenced, and that, therefore, the amendment related back to the time of the beginning of the suit.

A mere change of parties plaintiff does not, of itself, change the cause of action.  Thomas v. Fame Insurance Co., 108 Ill. 91, 100; United States Ins. Co. v. Ludwig, 108 Ill. 514, 518, 519; McCall v. Lee, 120 Ill. 261, 265, 266.

Section 24 of the Practice Act provides:

"At any time before final judgment in a civil suit amendments may be allowed on such terms as are just and reasonable, *introducing any party necessary to be joined as plaintiff or defendant,* changing the form of action, and in any manner, either of form or substance, in any process, pleading or proceeding, which may en-

able the plaintiff to sustain the action *for the claim for which it was intended to be brought,* or the defendant to make a legal defense. *The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action."*

In construing this section the Supreme Court, in Thomas v. Fame Ins. Co., *supra,* said:

"In furtherance of the intention of the legislature a very broad and liberal construction has been given to this section. It was evidently the intention of the legislature in adopting this provision, that no amendment after the commencement of the suit and before final judgment, resulting in a change or substitution of parties to the action or in a change of the form of the action, should be deemed a change of the action itself. Sidway v. Marshall, 83 Ill. 438; Teutonia Life Ins. Co. v. Mueller, 77 *id.* 22; Dickson v. Chicago, Burlington and Quincy R. R. Co., 81 *id.* 215; Challenor v. Niles, 78 *id.* 78. The only limitation upon the right thus conferred is, that amendments are to be allowed 'on such terms as are just and reasonable,' and 'to enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant make a legal defense.' "

In United States Ins. Co. v. Ludwig, *supra,* the Supreme Court, in referring to its previous decision in Teutonia Ins. Co. v. Mueller, 77 Ill. 22, said:

"As was there said, under the liberal provisions of this statute any amendment in civil actions, either in form or in substance, is permissible, that tends to the furtherance of justice. The amendment allowed in the case being considered, as well as the amendment in the case cited, was simply to substitute the real party having the right to sue, as plaintiff. Clearly that was within the discretion of the court, to enable the parties 'to sustain the action for the claim for which it was intended to be brought.' Substituting the party hav-

ing the legal right to sue for the claim for which the action was brought, instead of another party improperly named as plaintiff, is in no sense commencing a new action against defendant. So far as the defendant is concerned, this suit or action was commenced against it at the time of the issuing and the service of the summons.''

Moreover, we think the action of the Supreme Court in Kanawha Despatch v. Fish, 219 Ill. 236, 241, is conclusive against this contention of the defendant in error. It follows, therefore, that in our opinion the demurrer to the second rejoinder of the defendant in error, invoking the statute of limitations, should have been sustained.

Considering now (B),—whether the Municipal Court erred in overruling the demurrer to the eighth plea of the defendant in error, we observe that the declaration alleged that defendant in error, on March 17, 1894, "became indebted to" the plaintiffs, "then doing business in the name and as the Kanawha Despatch," in the sum of $3,000, "for money paid out and expended by the plaintiffs for the use of the defendant, at his request," and "for the like sum of other money received by defendant for the use of plaintiffs," etc. The plea in question avers,—(1) that the causes of action mentioned in the declaration are the same; to wit, to recover a sum of money plaintiffs claim the Kanawha Despatch paid defendant by mistake on February 28, 1894; (2) that at the time of the supposed payment and ever since, the Chesapeake & Ohio Railway Company was a Virginia corporation; the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, an Ohio corporation, and the Illinois Central R. R. Company, an Illinois corporation; that all of said corporations being organized for the purpose of operating railroads; that at the time of the supposed payment and ever since, "the said plaintiffs

were engaged jointly with certain other corporations organized for the purpose of operating railroads and steamboats, to-wit: Southern Railway, Atlantic Coast Line, the Ohio Central Line, Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Louisville & Nashville Railroad Company, Old Dominion Steamship Company, Merchants & Miners Transportation Company, and Clyde Steamship Lines, under the name and style of 'The Kanawha Despatch'; that said supposed payment, if made at all, was made to the defendant by said 'The Kanawha Despatch', as an association composed not only of the plaintiffs but also of said other corporations above named; and that the said plaintiffs cannot maintain said action in their own name without joining with themselves as plaintiffs, said other corporations." This plea concludes with a verification and prayer for judgment. Without discussing at length the points raised in the briefs of plaintiffs in error and of defendant in error respectively, against and in favor of the sufficiency of this plea, to each of which we have given careful consideration, it is our opinion that this plea is insufficient, both in substance and in form. The defense sought to be set up in this plea should have been made by a plea in abatement,—but it is conceded that the plea was filed too late to be entitled to be effective as a plea in abatement. It is defective as a plea in abatement, because it fails to show by what persons or corporations the money referred to in the plea was paid to defendants in error, and who, therefore, should be joined as plaintiffs; it, therefore, fails to give a better writ. We regard it also insufficient as a plea in bar, for it does not deny that the money, averred in the declaration to have been paid to or for the use of defendant in error, was, in fact, paid by plaintiffs, either by themselves, personally, or through the channel or agency of the so-called "Kanawha Despatch."

For the reasons given, the judgment of the Municipal Court is reversed, and the cause remanded to that court.

*Reversed and remanded.*