## Joseph Redlowski, Defendant in Error, v. Grossfeld & Roe Company, Plaintiff in Error.

### Gen. No. 20,647.

1.   MUNICIPAL COURT OF CHICAGO, § 13*—*when amendment equivalent to substitution of party.* Where, after the filing of a statement and affidavit of claim and appearance and filing of affidavit of merits by defendant, an order is entered on motion of plaintiff amending the papers, records and proceedings in the cause by making another coplaintiff and dismissing as to plaintiff, the effect of the order is to substitute the coplaintiff as sole plaintiff instead of the original plaintiff.

2.   PARTIES, § 32*—*when amendment substituting party not error.* An order amending the papers, records and proceedings may be entered in a fourth-class case substituting a plaintiff for the original plaintiff, though the statement and affidavit have been filed and defendant has appeared generally and filed an affidavit of merits.

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

ALLEN, WHIPPLE & WARD, for plaintiff in error; JOHN J. WARD, of counsel.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On September 26, 1913, an action of the fourth-class in tort was commenced in the Municipal Court of Chicago in the name of Stanislaw Rutkowski, plaintiff, against the Grossfeld & Roe Company, a corporation, defendant, to recover damages in the sum of $200, and a statement and affidavit of claim were filed. The de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant corporation was duly served and entered its general appearance and filed an affidavit setting forth its defense upon the merits. It appears from the clerk's transcript of the record that on January 21, 1914, the following order was entered of record: "On motion of the plaintiff herein, it is ordered that all papers, records and proceedings in this cause be and they are hereby amended by making Joseph Redlowski co-plaintiff herein, and dismissed as to Stanislaw Rutkowski."

We are of the opinion that the effect of this order was to substitute Joseph Redlowski, as sole plaintiff in the action, in place of Stanislaw Rutkowski, in whose name the action was originally commenced.

It further appears from said transcript that on March 27, 1914, leave was granted the defendant to file a "special appearance"; that such special appearance was filed; that on June 8, 1914, the defendant moved that the cause be dismissed "for want of jurisdiction of the parties," but that the motion was overruled; that on June 19, 1914, the cause came on for trial before the court without a jury, that evidence was heard, etc., that the court found the defendant guilty as charged in plaintiff's statement of claim, and assessed his damages at the sum of $149.08 in tort, and on the same day entered judgment in said sum against the defendant; and that on July 6, 1914, a writ of error from this Appellate Court was filed. No statement of facts, stenographic report or bill of exceptions is contained in the transcript.

It is contended by counsel for defendant that the court erred in allowing the substitution of Joseph Redlowski for Stanislaw Rutkowski, as plaintiff, and that the judgment is void for want of jurisdiction of the parties.

Section 1 of chapter 7 of the Illinois Statutes (J. & A. ¶ 300) provides:

"That the court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein."

Section 39 of chapter 110 of said Statutes (J. & A. ¶ 8576) provides:

"At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense. The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action."

We do not think that it is shown in the transcript before us that any error was committed by the trial court. While the cases of *Zukowski v. Armour,* 107 Ill. App. 663, and *Henry v. Seaton,* 170 Ill. App. 1, cited by counsel for defendant, seem to support their contention, the decisions of our Supreme Court and other decisions of the Appellate Court appear to be the other way. *Teutonia Life Ins. Co. v. Mueller,* 77 Ill. 22, 23; *McDowell v. Town,* 90 Ill. 359; *Thomas v. Fame Ins. Co.,* 108 Ill. 91, 99; *United States Ins. Co. v. Ludwig,* 108 Ill. 514, 518; *Congress Const. Co. v. Farson & Libbey Co.,* 199 Ill. 398, 404; *Kanawha Dispatch v. Fish,* 219 Ill. 236, 241; *Chesapeake & O. Ry. Co. v. Fish,* 170 Ill. App. 359, 363; *Chicago-Virden Coal Co. v. Bradley,* 134 Ill. App. 234, 237. In *Teutonia Life Ins. Co. v. Mueller, supra,* our Supreme Court, referring to said statutes, said: "Under the liberal provisions of this statute, any amendment in civil actions, either in form or substance, is permissible, that

tends to the furtherance of justice. The amendment allowed in this case was simply to *substitute* the real parties in interest as plaintiffs. Clearly this was within the discretion of the court, to enable the parties 'to sustain the action for the claim for which it was intended to be brought.'" In *Thomas v. Fame Ins. Co.*, *supra*, referring to the section of the statutes last above quoted, the court said: "In furtherance of the intention of the legislature a very broad and liberal construction has been given to this section. It was evidently the intention of the legislature in adopting this provision, that no amendment after the commencement of the suit and before final judgment, resulting in a *change* or *substitution* of parties to the action or in a change of the form of the action, should be deemed a change of the action itself." In *Kanawha Dispatch v. Fish, supra*, it is said: "Under our liberal statute of amendments there may be an entire change of plaintiffs where necessary."

Finding no error in the record the judgment of the Municipal Court is affirmed.

*Affirmed.*