**Mary Sommer, Appellee, v. Clarence Dexter Sr., Trading as Dexter Wholesale Fish Dealers, Appellant.**

**Gen. No. 39,457.**

78

Heard in the first division of this court for the first district at the April term, 1937. Opinion filed June 28, 1937.

PAYTON J. TUOHY, of Chicago, for appellant; RALPH J. HELPERIN, of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

November 7, 1932, Elsie Sommer, minor, by Mary Sommer, her mother and next friend, filed a suit in the superior court of Cook county against Clarence Dexter and Clarence Dexter, Jr., in an action of trespass on the case. Clarence Dexter was served and entered his appearance. December 20, 1932, Elsie Sommer filed a declaration of nine counts, containing averments that through the negligence of the servants of defendants she was injured on July 11, 1932, when an automobile in which she was riding was struck by a truck owned by defendants and negligently operated. The accident was said to have occurred at the intersection of Wentworth and Archer avenues in Chicago. One count of the declaration charged that the negligence of defendants was wilful and wanton.

Clarence Dexter on December 29, 1932, filed a plea of the general issue with a special plea denying ownership and operation.

April 2, 1934, on motion of plaintiff's attorney, the court entered an order that the name of Mary Sommer

be substituted for that of Elsie Sommer, and that plaintiff have 10 days to file an amended declaration. This amended declaration was filed in the name of Mary Sommer April 3, 1934, and like the declaration of Elsie Sommer is based upon the collision which occurred July 11, 1932, at the intersection of Wentworth and Archer avenues.

April 18, 1934, defendants filed a plea of the general issue. September 28, 1934, defendant Clarence Dexter made a motion for leave to withdraw this plea. The motion was denied, and on motion of plaintiff leave was given to amend the process in the cause, and it was ordered that new process issue. *Alias* and *pluries* summons were issued and the *pluries* summons returned as served upon the defendants November 30, 1935. June 15, 1936, defendants moved the court for leave to withdraw the pleas theretofore filed and for leave to file a motion to strike the amended declaration filed on behalf of the substituted plaintiff, Mary Sommer; that the summons issued thereunder be quashed, and the cause dismissed and terminated for the reason that by virtue of the order entered April 2, 1934, the suit had been discontinued. Suggestions filed in behalf of the motion asserted that the amended declaration set up an entirely new cause of action; that the first declaration was a suit by the minor, Elsie Sommer, for injuries to her, while in the amended declaration the mother, Mary Sommer, asked damages for an injury to herself. This motion was renewed June 15, 1936, and the court reserved its ruling on the motion. The case was tried by a jury. Upon trial the defendant Clarence Dexter, Jr., was dismissed from the case. The jury returned a verdict of guilty against defendant Clarence Dexter, Sr., and damages at the sum of $250. Defendant, by motion for a new trial, again urged that the suit was in fact dismissed by the order of April 2, 1934, substituting Mary Sommer as sole plain-

tiff in lieu of Elsie Sommer, the original sole plaintiff. The motion for a new trial was, however, denied and September 11, 1936, judgment was entered on the verdict in favor of the plaintiff, Mary Sommer, and against defendant, Clarence Dexter, Sr., trading as Dexter Wholesale Fish Dealers, for the sum of $250 and costs. To reverse that judgment the defendant has appealed.

It is contended here that the substitution of Mary Sommer as sole plaintiff in lieu of Elsie Sommer, the original sole plaintiff, operated to discontinue and abate the suit, and that any further order entered by the court was a nullity, the court having lost jurisdiction April 2, 1934, the date of the substitution. The suit was begun and the cause at issue prior to January 1, 1934. Defendant contends, and we will assume for the purpose of this decision, that under Rule 1 of the Supreme Court the Practice Act of 1907, then in effect, is determinative of the rights of the parties. (See Ill. State Bar Stats. 1935, ch. 7, ¶ 1; Jones Ill. Stats. Ann. 107.026 and Cahill's Ill. Rev. Stats. 1931, ch. 110, sec. 39, p. 2176.) The plaintiff has not appeared in this court to support the judgment, and we regret the necessity of deciding the question without assistance by brief of one of the parties. At common law the introduction of a new plaintiff into a cause of action was not permitted. Ency. Pleading and Practice, vol. 1, p. 541. The rule in that respect was changed by statute in this and other States. Section 39 above cited provides in substance that at any time before judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, "introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action and in any matter either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense.

The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action.'' Defendant relies upon *Henry v. Seaton,* 170 Ill. App. 1; *Zukowski v. Armour,* 107 Ill. App. 663; *Staunton Coal Co. v. Fischer,* 119 Ill. App. 284, and a number of cases construing similar statutes in the State of New York, holding that while the statutes are to be construed liberally, they do not authorize the substitution of plaintiff or defendant, and that such attempted substitution operates to discontinue the cause of action.

In *Redlowski v. Grossfeld & Roe Co.,* 192 Ill. App. 534, where in an action of the fourth class in tort, begun in the municipal court of Chicago, the name of Joseph Redlowski was substituted as plaintiff for Stanislaw. Rutkowski, we said:

''We do not think that it is shown in the transcript before us that any error was committed by the trial court. While the cases of *Zukowski v. Armour,* 107 Ill. App. 663, and *Henry v. Seaton,* 170 Ill. App. 1, cited by counsel for defendant, seem to support their contention, the decisions of our Supreme Court and other decisions of the Appellate Court appear to be the other way. *Teutonia Life Ins. Co. v. Mueller,* 77 Ill. 22, 23; *McDowell v. Town,* 90 Ill. 359; *Thomas v. Fame Ins. Co.,* 108 Ill. 91, 99; *United States Ins. Co. v. Ludwig,* 108 Ill. 514, 518; *Congress Const. Co. v. Farson & Libbey Co.,* 199 Ill. 398, 404; *Kanawha Dispatch v. Fish,* 219 Ill. 236, 241; *Chesapeake & O. Ry. Co. v. Fish,* 170 Ill. App. 359, 363; *Chicago-Virden Coal Co. v. Bradley,* 134 Ill. App. 234, 237.''

We accept this construction of the statute.

It follows that there was no reversible error in the order denying the motion of defendant to dismiss the suit.

It is contended by defendant that the verdict is against the manifest weight of the evidence. The evidence for plaintiff tends to show that on July 11, 1932, she and her daughter, then 13 years of age, accepted

the invitation of a neighbor, Mr. D'Este, to ride home in his automobile. Plaintiff and her daughter had gone downtown that day; their home was at 5930 South Honore street on the south side of Chicago. Mr. D'Este drove south on Clark street to Archer avenue and turned southwest on that street. At the intersection of Archer and Wentworth avenues the automobile was struck by a truck which was being driven south on Wentworth avenue by defendant's chauffeur at a speed of 35 miles an hour. D'Este testified that he had passed the corner of the intersection when on his right he saw the truck about 50 feet away, coming south on Wentworth avenue. He applied his brakes and swung to the left, but notwithstanding his efforts the automobile collided with the truck.

The evidence for the defendant was to the effect that a street car had stopped at the intersection, and that the automobile in which plaintiff was riding came from behind the street car and struck the truck as it was moving toward the south. The evidence on this point is quite conflicting. Plaintiff, her daughter and Mr. D'Este testified positively that there was no street car there at the time, and that the automobile was not driven past any street car prior to the accident. The chauffeur and other witnesses for defendant testified to the contrary. If there was a street car there, neither the persons in charge of it nor any of the passengers were produced as witnesses. Apparently the jury accepted plaintiff's version of the occurrence. The trial judge who saw and heard the witnesses has approved the verdict of the jury. In view of this conflict in the evidence this court cannot hold that the verdict and judgment are against the weight of the evidence, and the judgment is therefore affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.